**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware (State)

Case number (If known): _____    Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**    Zosano Pharma Corporation

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**    4 5 – 4 4 8 8 3 6 0

4. **Debtor's address**

   **Principal place of business**

   34790    Ardentech Court
   Number    Street

   Fremont                CA    94555
   City                   State    ZIP Code

   Alameda
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____

   _____
   City    State    ZIP Code

5. **Debtor's website (URL)**    https://www.zosanopharma.com

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor _____   Case number (*if known*)_____
         *Name*

6. **Type of debtor**
   - ❏ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ❏ Partnership (excluding LLP)
   - ❏ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   - ❏ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ❏ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ❏ Railroad (as defined in 11 U.S.C. § 101(44))
   - ❏ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ❏ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ❏ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ❏ None of the above

   B. *Check all that apply:*
   - ❏ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ❏ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ❏ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   ___ ___ ___ ___

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*
   - ❏ Chapter 7
   - ❏ Chapter 9
   - ❏ Chapter 11. *Check all that apply*:
     - ❏ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
     - ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ❏ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
     - ❏ A plan is being filed with this petition.
     - ❏ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ❏ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ❏ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ❏ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   - ❏ No
   - ❏ Yes.   District _____  When _____  Case number _____
                                                                                           MM / DD / YYYY
               District _____  When _____  Case number _____
                                                                                         MM / DD / YYYY

Debtor _____   Case number (*if known*)_____
          Name

| | | |
|---|---|---|
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ❏ No<br><br>❏ Yes.  Debtor _____  Relationship _____<br>    District _____  When   _____<br>                                       MM / DD / YYYY<br>    Case number, if known  _____ |
| **11.** | **Why is the case filed in *this district*?** | *Check all that apply:*<br><br>❏ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>❏ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ❏ No<br>❏ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>  **Why does the property need immediate attention?** (*Check all that apply.*)<br><br>  ❏ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br><br>  ❏ It needs to be physically secured or protected from the weather.<br><br>  ❏ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>  ❏ Other _____<br><br>  **Where is the property?**_____<br>           Number   Street<br>       _____<br>      _____ _____ _____<br>      City               State ZIP Code<br><br>  **Is the property insured?**<br>  ❏ No<br>  ❏ Yes. Insurance agency _____<br>      Contact name  _____<br>      Phone      _____ |

### ■ Statistical and administrative information

| | | |
|---|---|---|
| **13.** | **Debtor's estimation of available funds** | *Check one:*<br>❏ Funds will be available for distribution to unsecured creditors.<br>❏ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14.** | **Estimated number of creditors** | ❏ 1-49       ❏ 1,000-5,000      ❏ 25,001-50,000<br>❏ 50-99      ❏ 5,001-10,000     ❏ 50,001-100,000<br>❏ 100-199     ❏ 10,001-25,000    ❏ More than 100,000<br>❏ 200-999 |

Official Form 201         Voluntary Petition for Non-Individuals Filing for Bankruptcy         page **3**

Debtor _____   Case number (*if known*)_____
      Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ❏ $0-$50,000<br>❏ $50,001-$100,000<br>❏ $100,001-$500,000<br>❏ $500,001-$1 million | ❏ $1,000,001-$10 million<br>❏ $10,000,001-$50 million<br>❏ $50,000,001-$100 million<br>❏ $100,000,001-$500 million | ❏ $500,000,001-$1 billion<br>❏ $1,000,000,001-$10 billion<br>❏ $10,000,000,001-$50 billion<br>❏ More than $50 billion |
| **16. Estimated liabilities** | ❏ $0-$50,000<br>❏ $50,001-$100,000<br>❏ $100,001-$500,000<br>❏ $500,001-$1 million | ❏ $1,000,001-$10 million<br>❏ $10,000,001-$50 million<br>❏ $50,000,001-$100 million<br>❏ $100,000,001-$500 million | ❏ $500,000,001-$1 billion<br>❏ $1,000,000,001-$10 billion<br>❏ $10,000,000,001-$50 billion<br>❏ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  *6/1/2022*
             MM / DD / YYYY

✘ _____*/s/ Steven Lo*_____   _____
Signature of authorized representative of debtor    Printed name

Title _____

**18. Signature of attorney**

✘ _____*/s/ Dennis A. Meloro*_____   Date  *6/1/2022*
Signature of attorney for debtor                       MM / DD / YYYY

_____
Printed name

_____
Firm name

_____
Number    Street

_____  _____  _____
City                                      State      ZIP Code

_____   _____
Contact phone                       Email address

_____  _____
Bar number                                     State

Official Form 201A (12/15)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Zosano Pharma Corporation,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-_____ (__) |

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-36570 .

2. The following financial data is the latest available information and refers to the debtor's condition on March 31, 2022 .

    a. Total assets      $ 26,445,000.00

    b. Total debts (including debts listed in 2.c., below)      $ 12,392,000.00

    c. Debt securities held by more than 500 holders

Approximate number of holders:

secured ☐  unsecured ☐  subordinated ☐  $ _____  _____
secured ☐  unsecured ☐  subordinated ☐  $ _____  _____
secured ☐  unsecured ☐  subordinated ☐  $ _____  _____
secured ☐  unsecured ☐  subordinated ☐  $ _____  _____
secured ☐  unsecured ☐  subordinated ☐  $ _____  _____

    d. Number of shares of preferred stock      0
    e. Number of shares common stock      4,902,260

Comments, if any: Total assets and total debts are listed as set forth in the Debtor's unaudited balance sheet for the fiscal period ended March 31, 2022. To the Debtor's knowledge, the shares of common stock listed above are those outstanding as of May 31, 2022.

3. Brief description of debtors business: Zosana Pharma Corporation is a clinical-stage biopharmaceutical company.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

Five Narrow Lane LP

**UNANIMOUS WRITTEN CONSENT
OF THE
BOARD OF DIRECTORS
OF
ZOSANO PHARMA CORPORATION**

**(a Delaware corporation)**

**May 31, 2022**

The undersigned, being all of the members of the board of directors (the "**Board**") of Zosano Pharma Corporation, a Delaware corporation (the "**Company**"), and acting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware (the "**DGCL**"), do hereby consent to the adoption of and do hereby adopt the following resolutions by written consent in lieu of a meeting:

**WHEREAS**, the Board has considered presentations by the Company's management (the "**Management**") and financial and legal advisors (collectively, the "**Advisors**") regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, and the Board has had the opportunity to consult with the Company's Management and Advisors and fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, the Board has determined that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company be authorized to file or cause to be filed a voluntary petition for relief (the "**Chapter 11 Case**") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and that the Company be authorized, empowered, and directed to execute, acknowledge, verify, deliver, and file any and all such other agreements, documents, instruments and certificates and to take such other actions as may be necessary, proper or appropriate in order to carry out the intent and purposes of the foregoing resolutions;

**WHEREAS**, the Board has determined that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company retain and appoint professionals, as necessary, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, with a view to the successful prosecution of the Chapter 11 Case;

**WHEREAS**, the Board has determined that it is in the best interest of the Company to take the following actions and adopt the following resolutions:

**I.     CHAPTER 11 FILING**

**NOW, THEREFORE, BE IT RESOLVED**, that in the business judgment of the Board, it is desirable and in the best interest of the Company, its creditors, stockholders and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a

voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code in the Bankruptcy Court;

**FURTHER RESOLVED**, that any duly appointed officer, or other person acting at the direction of the Board, as applicable (each, an "**Authorized Person**" and collectively, the "**Authorized Persons**"), acting alone or with one or more other Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to negotiate, execute, deliver, file, and record all petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents (collectively, the "**Chapter 11 Documents**"), and to take any and all action such Authorized Person determines to be necessary, appropriate, or desirable in connection with the Chapter 11 Case (including, without limitation, to pay fees, expenses, and taxes and to take any action to maintain the ordinary course operation of the Company's business) (any such determination to be conclusively evidenced by the taking of any such action by such Authorized Person);

**FURTHER RESOLVED**, that all acts and deeds previously performed by any Authorized Person prior to the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions, are hereby ratified, confirmed, adopted and approved in all respects as the authorized acts and deeds of the Company.

## II.   RETENTION OF PROFESSIONALS

**NOW THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the law firm of Greenberg Traurig, LLP ("**Greenberg Traurig**"), as the Company's counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, including filing any Chapter 11 Documents, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain Greenberg Traurig, in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the firm of SierraConstellation Partners, LLC ("**Sierra**"), as the Company's financial advisor, to assist the Company in carrying out its duties under the Bankruptcy Code, and, at the direction of an Authorized Person, to take action to advance the Company's restructuring and sale process, and, in connection therewith, each of the Authorized Persons is, with power of delegation, hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain Sierra in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ Kurtzman Carson Consultants LLC, as the claims and noticing agent (the "**Claims Agent**"), to represent and

assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the Claims Agent in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ any other professionals to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as such Authorized Person determines is necessary, appropriate, or desirable (including, without limitation, special counsel to the extent determined necessary, appropriate, or desirable) (any such determination to be conclusively evidenced by the taking of any such action by such Authorized Person);

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, with the power of delegation, authorized, empowered, and directed to execute and file all motions, applications, and other papers to employ and retain all professionals and to take and perform any and all further acts and deeds that each Authorized Person deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## III.  SALE OF ASSETS

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Persons be, and each hereby is, authorized, directed and empowered to (i) enter into negotiations with any interested parties regarding a purchase (or purchases) of any or all of the assets of the Company (a "**Sale**"); (ii) execute and deliver an agreement or agreements providing for such Sale; (iii) enter into such additional agreements, consents, certificates, amendments, and instruments as may be necessary to obtain approval for and effect the transactions contemplated thereby; (iv) if the Authorized Persons deem it necessary or appropriate, seek approval from the Bankruptcy Court for authority under the Bankruptcy Code and any other relevant or applicable federal, state, local or non-U.S. law to sell such assets in a Sale; (v) organize and manage a sales process for such assets that is determined in the Authorized Persons' reasonable judgment, in consultation with the financial and legal advisors of the Company, which may take the form of an auction or any other process, and which may include the identification of a stalking horse bidder.

## IV.  CHAPTER 11 PLAN

**NOW, THEREFORE, BE IT RESOLVED**, that the Authorized Person of the Company be, and each hereby is, authorized, directed and empowered to prepare a plan of reorganization or liquidation for the consideration and approval of creditors and the Bankruptcy Court.

### V.     **GENERAL RESOLUTIONS**

**NOW, THEREFORE, BE IT RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to negotiate, execute, deliver, file, and record any amendments, restatements, supplements, or other modifications to the Chapter 11 Documents, and all other agreements, documents, and instruments contemplated by these resolutions which such Authorized Person shall determine are necessary, appropriate, or desirable (any such determination to be conclusively evidenced by such Authorized Person's execution and delivery thereof);

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon each Authorized Person, such Authorized Person (and such Authorized Person's designees and delegates) be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to negotiate, execute, deliver, file, and record any and all such agreements, documents, and instruments, and to pay all expenses and fees (including but not limited to filing fees) in each case as in such Authorized Person's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions adopted herein (any such action to be conclusive evidence that such person deemed the same to meet such standard);

**FURTHER RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Bylaws of the Company and under the DGCL, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts, actions, or transactions were taken or consummated before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, action, or transaction had been specifically authorized in advance by resolution of the Board; and

**FURTHER RESOLVED**, that this consent may be signed in multiple counterparts each of which when taken together shall constitute one document.

*[Continued on following page]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of directors of Zosano Pharma Corporation, have executed this written consent as of the date first set forth above.

**ZOSANO PHARMA CORPORATION**

*/s/ Steven Lo*
Name: Steven Lo

*/s/ Linda Grais*
Name: Linda S. Grais

*/s/ Ken Greathouse*
Name: Kenneth R. Greathouse

*/s/ Kathy McGee*
Name: Kathy McGee

*/s/ Elaine Yang*
Name: Elaine Yang

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Zosano Pharma Corporation,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-_____ (__) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, there are no corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interests.

*[Remainder of page is intentionally blank]*

---

[1] The business address and the last four (4) digits of the Debtor's federal tax identification number is Zosano Pharma Corporation, 34790 Ardentech Court, Fremont, California 94555 (8360).

| Fill in this information to identify the case: |
|---|
| Debtor name __Zosano Pharma Corporation_____ |
| United States Bankruptcy Court for the: _____ District of __Delaware__ (State) |
| Case number (If known): _____ |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Patheon Manufacturing Services LLC 5900 Martin Luther King Jr. Highway Greenville, NC 27834 | Kimberly Pipho kimberly.pipho@thermofisher.com | Contract | Disputed | | | $2,436,788 |
| 2 | Aptar CSP Technologies Zone D'Activite Du Sandholz Niederbronn-Les-Bains, 67110 | Maud Bournonville maud.bournonville@aptar.com | Contract | Disputed | | | $483,368 |
| 3 | BMR - 34790 Ardentech Court 4570 Executive Drive, Suite 400 San Diego, CA 92121 | Katy Offermann (510) 505-6052 Katy.Offermann@biomedrealty.com | Lease Liability | | | | $384,115 |
| 4 | Worldwide Clinical Trials 8605 Cross Park Drive Austin, TX 78754 | SM_GlobalAR@worldwide.com | Professional Services | | | | $382,170 |
| 5 | CSP Technologies Inc. 1000 W. Veterans Blvd Auburn, AL 36832-6938 | Melissa Atkinson melissa.atkinson@aptar.com | Contract | Disputed | | | $341,935 |
| 6 | Harro Hofliger Packaging Systems Inc. 350 S. Main St. Doylestown, PA 18901 | Viola Eisenmann Viola.Eisenmann@hoefliger.de | Equipment Manufacturing | | | | $230,266 |
| 7 | Therma LLC 1601 Las Plumas Ave. San Jose, CA 95133-1613 | Jasmine Gonzales jagonzales@therma.com | Engineering Services | Disputed | | | $151,016 |
| 8 | Pitt County Tax Collector 111 S. Washington Street Greenville, NC 27858 | Tax Collector (252) 902-3412 PittTaxAssessor@pittcountync.gov | Tax Liability | | | | $136,454 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims    page 1

Debtor: Zosano Pharma Corporation  
Case number (if known): _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 9 | D F King<br>48 Wall St.<br>New York, NY 1000 | Krystal Scrudato<br>kscrudato@dfking.com | Professional Services | | | | $114,746 |
| 10 | J.M. O'Neill, Inc.<br>354 Earhart Way<br>Livermore, CA 94551 | info@jmoneill.com | Construction Services | Disputed | | | $107,105 |
| 11 | Broadridge ICS, Inc.<br>51 Mercedes Way<br>Edgewood, NY 11717 | BSG.INVOICES@BROADRIDGE.COM | Professional Services | | | | $99,861 |
| 12 | Tecomet, Inc.<br>503 S. Vincent Ave.<br>Azusa, CA 91702 | Wendy Clark<br>Wendy.Clark@Tecomet.com | Trade Debt | | | | $96,281 |
| 13 | Mayer Brown LLP<br>230 South LaSalle Street<br>Chicago, IL 60604-1404 | us-billing-support@mayerbrown.com | Professional Services | | | | $85,750 |
| 14 | MasterControl, Inc.<br>6350 South 3000 East<br>Salt Lake City, UT 84121 | ar@mastercontrol.com | Software Services | | | | $80,955 |
| 15 | QAD, Inc.<br>100 Innovation Place<br>Santa Barbara, CA 93108 | Frieda Brandt<br>fzb@qad.com | Software Services | | | | $73,281 |
| 16 | County of Alameda<br>Administration Building<br>1221 Oak Street, Suite 555<br>Oakland, CA 94612-1499 | Tel: (510) 272-6800<br>(Fax: (510) 272-6807 | Tax Liability | | | | $67,332 |
| 17 | Experic, LLC<br>2 Clarke Drive, Suite #2<br>Cranbury, NJ 8512 | AR@expericServices.com | Contract | | | | $54,000 |
| 18 | SMC, Ltd<br>18 Independence Dr.<br>Devens, MA 1434 | iqms@smcltd.com | Contract | Disputed | | | $48,735 |
| 19 | Butler Snow LLP<br>P.O. Box 6010<br>Ridgeland, MS 39158-6010 | James J. Lawless, Jr.<br>(610) 691-3308<br>Jim.Lawless@butlersnow.com | Professional Services | | | | $41,953 |
| 20 | ATL Corp<br>W140 N9504 Fountain Blvd.<br>Menomonee Falls, WI 53051 | (262) 437-7720 | Trade Debt | | | | $36,913 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**    page 2

**Fill in this information to identify the case and this filing:**

Debtor Name __Zosano Pharma Corporation__

United States Bankruptcy Court for the: _____ District of __Delaware__
(State)

Case number (*If known*): __22- (  )__

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Form 201A, Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __6/1/2022__      ✘ __/s/ Steven Lo__
MM / DD / YYYY                Signature of individual signing on behalf of debtor

__Steven Lo__
Printed name

__President and Chief Executive Officer__
Position or relationship to debtor

Official Form 202     **Declaration Under Penalty of Perjury for Non-Individual Debtors**