**<u>Exhibit A</u>**

**Proposed Bid Procedures Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:

Zosano Pharma Corporation,[1]

Debtor.

Chapter 11

Case No. 22-10506 (JKS)

**ORDER APPROVING (A) BID PROCEDURES FOR THE SALE OF
ASSETS OF THE DEBTOR, (B) ESTABLISHING PROCEDURES FOR THE
DEBTOR TO ENTER INTO A STALKING HORSE AGREEMENT WITH BID
PROTECTIONS, (C) ALTERNATE LIQUIDATION SALES CONDUCTED BY
THE SALE AGENT; (D) ASSUMPTION AND ASSIGNMENT PROCEDURES,
(E) NOTICE PROCEDURES, AND (F) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtor, pursuant to sections 105, 363, and 365

of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**"), Rules

2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy

Rules**") and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for entry

of an order (this "**Bid Procedures Order**"):  (i) approving the bid procedures in the form

annexed hereto as **Exhibit 1** (as amended or modified, the "**Bid Procedures**") to be

implemented in connection with a sale (the "**Sale**") of all or certain of the assets of the Debtor

(the "**Assets**"); (ii) establishing procedures for the Debtor to designate a stalking horse bidder

with respect to certain or all of the Assets (a "**Stalking Horse Bidder**") and to enter into a

stalking horse agreement (a "**Stalking Horse Agreement**") containing Bid Protections;

---

[1]  The business address and the last four (4) digits of the Debtor's federal tax identification number is Zosano
Pharma Corporation, 34790 Ardentech Court, Fremont, California 94555 (8360).

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Motion or
the Bid Procedures, as applicable.  In the event of a discrepancy between the definitions contained in the Motion and
the Bid Procedures, those contained in the Motion shall control.

(iii) approving an alternate liquidation sale process to be conducted by the Sale Agent (the "**Liquidation Sale Process**"); (iv) establishing procedures in connection with the Debtor's assumption and assignment to the Successful Bidder or Backup Bidder of certain executory contracts and unexpired leases (each an "**Assumed Contract**" and, collectively, the "**Assumed Contracts**") and the corresponding cure amounts (the "**Cure Amounts**") required to be paid in connection with the assumption and assignment, (v) approving the notice procedures (the "**Notice Procedures**") to advise parties in interest and Potential Bidders of the Bid Procedures, the auction of the Assets (the "**Auction**"), the sale hearing for the Assets (the "**Sale Hearing**"), and the Debtor's intent to assume and assign to the Successful Bidder or Backup Bidder the Assumed Contracts and the corresponding Cure Amounts; and (vi) granting related relief; the Court, having determined that the relief provided herein is in the best interests of the Debtor, its estate, creditors and other parties in interest and calculated to result in the highest or otherwise best offer for the Assets, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections and responses to the Motion having been resolved and otherwise withdrawn or overruled; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing on the Motion, and the full record of this Case; and after due deliberation thereon; and good and sufficient cause appearing therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.     The Motion and the Bid Procedures comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

C.     The notice given by the Debtor of the Motion and the hearing with respect to the Motion constitutes proper, timely, adequate, and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules, and applicable Local Rules, and no other or further notice is necessary, except as set forth herein with respect to the Auction and Sale Hearing.

D.     A reasonable opportunity to object or be heard regarding the relief provided herein with respect to the Motion has been afforded to parties in interest.

E.     The proposed Notice Procedures are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Bid Procedures to be employed in connection therewith, and the Sale Hearing.  The Notice Procedures comply with Bankruptcy Rule 2002 and constitute sufficient notice to all interested parties and provide sufficient notice of the proposed Sale and related transactions.

F.     The Notice of Assumption and Assignment is reasonably calculated to provide all counterparties to Assumed Contracts with proper notice of the potential assumption and assignment of their respective Assumed Contract(s) and any Cure Amount(s) relating thereto, *provided*, *however*, that the mere listing of any Assumed Contract on the Notice of Assumption and Assignment does not require or guarantee that such Assumed Contract will be assumed and assigned, and all rights of the Debtor with respect to such Assumed Contracts are reserved.

G.     The Debtor has articulated good and sufficient business reasons for the Court to approve the procedures for designating a Stalking Horse Bidder, including the Bid Protections.

H.     The Bid Protections, to the extent applicable and payable, (i) shall be deemed an actual and necessary cost of preserving the Debtor's estate within the meaning of section 503(b) of the Bankruptcy Code; (ii) are of substantial benefit to the Debtor's estate; (iii) are reasonable

and appropriate, including in light of the size and nature of the Sale and the efforts that would be expended by any Stalking Horse Bidder and (iv) enable the Debtor to promote the Sale with the greatest benefit to the estate.

I.      The Debtor has articulated good and sufficient business reasons for this Court to approve (i) the Bid Procedures, (ii) the scheduling of the Auction and the Sale Hearing, (iii) the establishment of procedures to fix the Cure Amounts to be paid under section 365 of the Bankruptcy Code in connection with the assumption and assignment of the Assumed Contracts, (iv) the Bid Protections, (v) the Liquidation Sales to be conducted by the Sale Agent, and (vi) related deadlines in connection with each of the foregoing.

J.      The Debtor has demonstrated that the Bid Procedures are reasonably designed to enable the Debtor to receive bids for some or all of the Assets and represent the best method for maximizing the realizable value of the Assets and serve to maximize estate value for the benefit of all of the Debtor's stakeholders and parties in interest.

K.      The Debtor, through the Sale Agent, may sell the Liquidation Assets free and clear of all Interests because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied.  Those holders of interests who did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  Those holders of interests who did object are adequately protected by having their Interests, if any, attach to the proceeds of the sale, with the same validity and priority as existed prior to the sale.

L.      The Debtor has demonstrated that approval of the Liquidation Agreement and conducting the Liquidation Sales, as an alternative to the Sale process, is in the best interests of the Debtor, the estate, and its creditors. The Debtor has advanced good and sufficient business justification supporting the Liquidation Sales pursuant to section 363(b) of the Bankruptcy Code

and outside of a plan of reorganization, as set forth in the Motion and at the hearing thereon, and it is a reasonable exercise of the Debtor's business judgment to employ the Sale Agent to conduct the Liquidation Sales, as may be needed, on the terms and conditions set forth in the Liquidation Agreement, and to execute, deliver and perform its obligations thereunder.

M.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the preceding findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the preceding conclusions of law constitute findings of fact, they are adopted as such.

N.      Entry of this Bid Procedures Order and the granting of the relief set forth herein are in the best interests of the Debtor, its estate, creditors, and other parties in interest.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      All objections and responses to the Motion or the relief provided herein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits with prejudice.

**A.      The Bid Procedures**

3.      The Bid Procedures, attached hereto as **<u>Exhibit 1</u>**, are hereby approved in their entirety and fully incorporated into this Order.  The failure to specifically include or reference a particular provision of the Bid Procedures in this Bid Procedures Order shall not diminish or impair the effectiveness of such provision.  The Debtor is authorized to take all actions necessary or appropriate to implement the Bid Procedures.  In the event of an inconsistency between this Bid Procedures Order and the Bid Procedures, the Bid Procedures Order shall prevail.

4.      The Debtor is hereby authorized to pursue a Sale of its Assets in accordance with the Bid Procedures and in a manner that it believes will maximize value for its estate.

5.      The process for submitting Qualified Bids (as defined in the Bid Procedures) is fair, reasonable, and appropriate and is designed to maximize recoveries for the benefit of the Debtor's estate, its creditors, and other parties in interest.

6.      The Stalking Horse Bidder, if any, shall be deemed a Qualified Bidder pursuant to the Bid Procedures for all purposes.

7.      All information relating to the Assets provided to assist a person or entity in evaluating whether to participate in the Auction is confidential.  Any person or entity that is provided with such information (i) shall use such information solely for the purpose of evaluating whether to participate in the Auction; (ii) shall not use such information for any other purpose; (iii) shall hold such information in strict confidence; (iv) shall not, directly or indirectly, disclose any of such information, subject to certain limited exceptions; (v) shall undertake reasonable precautions to protect the confidentiality of such information; and (vi) shall be solely responsible for any ramifications resulting from any disclosure of such information.

8.      The following dates and deadlines regarding competitive bidding are hereby established (subject to modification in accordance with the Bid Procedures):

| Event or Deadline | Date and Time |
| --- | --- |
| Deadline to Object to (i) Sale to a Stalking Horse Bidder, if any, and (ii) Liquidation Sales | **July 11, 2022 at 4:00 pm (ET)** |
| Contract Objection Deadline (for all objections other than adequate assurance) | **July 15, 2022 at 4:00 pm (ET)** |

| Bid Deadline | **July 18, 2022 at 4:00 pm (ET)**<br>(2 business days before proposed Auction date) |
|---|---|
| Deadline to Select Qualified Bidder | **July 19, 2022 at 12:00 pm (ET)**<br>(1 day before proposed Auction date) |
| Auction (if necessary) | **July 20, 2022 at 10:00 am (ET)**<br>(2 business days after Bid Deadline) |
| Deadline to File Notice Designating Successful Bidder | **July 21, 2022 at 12:00 pm (ET)**<br>(1 business days after Auction) |
| Post-Auction Sale Objection Deadline (If Successful Bidder is not a Stalking Horse Bidder, deadline to object solely to (i) the identity of a Successful Bidder or (ii) the ability of the Successful Bidder to provide adequate assurance of future performance under the Assumed Contracts) | **July 22, 2022 at 4:00 pm (ET)**<br>(2 business days before proposed Sale Hearing) |
| Sale Hearing (subject to the Court's availability) | **July 26, 2022 at _____ (ET)**<br>(time to be determined) |
| Alternate Liquidation Sales | **July 27, 2022 at _____ (ET)**<br>(time to be determined) |

**B.     Procedures for Designation of a Stalking Horse Bidder**

9.     The Debtor, as it may reasonably determine to be in the best interests of its estate, may select a Stalking Horse Bidder for certain or all of the Assets for the purposes of establishing a Stalking Horse Bid with respect to certain or all of the Assets and provide any such Stalking Horse Bidder with Bid Protections pursuant to a Stalking Horse Agreement.

10.     No insider or affiliate of the Debtor shall be entitled to any Bid Protections.

11. In the event that the Debtor designates a Stalking Horse Bidder and the Stalking Horse Bidder is not the Successful Bidder with respect to the Stalking Horse Bid, the Debtor shall be authorized, but not directed, to make certain payments in consideration of its being the Stalking Horse Bidder with respect to the Stalking Horse Bid, including (a) the Break-Up Fee and (b) the Expense Reimbursement Amount. The amount of any Break-Up Fee and the Expense Reimbursement Amount shall in the aggregate not exceed 3% of the cash portion of the applicable transaction purchase price for such Stalking Horse Bid, with such amount to be paid in accordance with the terms and conditions set forth in the applicable Stalking Horse Agreement. The sole remedy of any Stalking Horse Bidder (if any such Stalking Horse Bidder is designated) against the Debtor shall be the return of the applicable deposit (if applicable) and the Bid Protections in the event that the applicable Stalking Horse Agreement is terminated pursuant to the applicable provisions of such agreement.

12. Other than a Stalking Horse Bidder, no other bidder will be entitled to any Bid Protections or any other expense reimbursement, break-up fee, termination fee or any other similar fee or payment.

**C.    The Auction**

13. If there are two or more Qualified Bids received in accordance with the Bid Procedures, the Auction shall take place on **July 20, 2022 at 10:00 a.m. (ET)** at the offices of Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801, or such other place and time as the Debtor shall notify all parties in interest attending the Auction. Access to the Auction will also be made available by Zoom or similar video conferencing platform to those persons that are Authorized Persons (as defined in the Bid Procedures), and have requested access from the Debtor at least 24 hours prior to the

Auction; *provided, however*, each Qualified Bidder shall be required to have at least one representative present physically at the Auction

     14.    The Auction shall be conducted in accordance with the Bid Procedures.

     15.    The Auction will be conducted openly.

     16.    Bidding at the Auction will be transcribed.

     17.    If the Debtor does not receive a Qualified Bid: (i) the Debtor may cancel the Auction, and (ii) proceed solely with the Liquidation Sales.

**D.    Sale Notice, Assumption and Assignment Notices and Related Procedures**

     18.    The notice procedures described in subparagraphs (a) – (e) below are approved and shall be good and sufficient, and no other or further notice shall be required if given as follows:

     a.    On or before three (3) business days after entry of this Bid Procedures Order, or as soon thereafter as such parties can be identified, the Debtor will cause (a) a notice in substantially the form annexed hereto as **Exhibit 2** (the "**Notice of Bid Procedures, Auction Date and Sale Hearing**"); and (b) a copy of the Bid Procedures Order to be sent by first-class mail postage prepaid, to the following: (i) the Office of the United States Trustee; (ii) all taxing authorities in the states where the Debtor is located, as well as the Internal Revenue Service, and all other federal, state and local taxing and regulatory authorities known to the Debtor to assert jurisdiction over the Debtor or which are reasonably expected by the Debtor to have claims, contingent or otherwise, in connection with the ownership of the Assets, or to have any known interest in the relief requested by the Motion; (iii) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002; (iv) all persons known or reasonably believed by the Debtor to have asserted any lien, claim, encumbrance, right of first refusal, or other interest in or upon any of the Assets; (v) all persons known or reasonably believed to have expressed an interest in acquiring the Assets within the last four (4) months; (vi) creditors holding the thirty (20) largest unsecured claims against the Debtor; (vii) the Securities & Exchange Commission; (viii) the U.S. Food & Drug Administration; (ix) the Delaware Secretary of State; (x) the Delaware State Treasury; (xi) the United States Attorney's office for the District of Delaware; (xii) Attorneys General in the states where the Debtor is located; and (xiii) any applicable state and local environmental agencies.

b.      On or before three (3) business days after entry of this Bid Procedures Order, the Debtor will serve the Notice of Bid Procedures, Auction Date and Sale Hearing on all known creditors of the Debtor.

c.      On or before seven (7) days after entry of this Bid Procedures Order, subject to applicable submission deadlines, the Debtor will publish an abbreviated version of the Notice of Bid Procedures, Auction Date and Sale Hearing once in one or more regional and/or national publications that the Debtor, in its business judgment, deems appropriate.

d.      On or before three (3) business days after the entry of the Bid Procedures Order, the Debtor shall serve by first class mail or hand delivery, a notice, substantially in the form attached hereto as **Exhibit 3**, of the potential assumption and assignment of the Assumed Contracts (the "**Notice of Assumption and Assignment**") on all non-Debtor parties to the Assumed Contracts.  The Notice of Assumption and Assignment (or a Supplemental Notice of Assumption and Assignment (defined below)) shall (i) identify the calculation of the Cure Amounts that the Debtor believe must be paid to cure all prepetition defaults under the Assumed Contracts, and (ii) provide instructions for the timing and procedure governing the filing of any objections to (a) the proposed Cure Amounts and (b) the proposed assumption and assignment of any Assumed Contract in connection with the Sale, as approved by the Court in the Bid Procedures Order.  In addition, if the Debtor identifies additional executory contracts or unexpired leases that might be assumed by the Debtor and assigned to the Successful Bidder or Backup Bidder, as applicable, that are not included in the original Notice of Assumption and Assignment, the Debtor shall promptly send a supplemental notice (a "**Supplemental Notice of Assumption and Assignment**") to the applicable counterparties to such additional Assumed Contracts.

e.      In addition to the foregoing, electronic notification of the Motion, the Bid Procedures Order, the Notice of Bid Procedures, Auction Date and Sale Hearing, and the Notice of Assumption and Assignment, will be posted on:  (i) the main case docket on the Bankruptcy Court's electronic case filing (ECF) website; and (ii) the case management website maintained by the Debtor's claims and noticing agent, Kurtzman Carson Consultants LLC, at http://www.kccllc.net/ZosanoPharma.

19.      The Notice of Bid Procedures, Auction Date and Sale Hearing and the Notice of Assumption and Assignment to be issued in connection with the proposed Sale of the Assets, substantially in the forms annexed hereto as **Exhibits 2 and 3**, respectively, are approved.

20.      Unless the non-Debtor party to an Assumed Contract files an objection (the "**Contract Objection**") to (a) its scheduled Cure Amount and/or (b) to the proposed assumption and assignment of such Assumed Contract, as applicable, by (i) **4:00 p.m. (ET) on July 15,**

**2022** and serves a copy of the Contract Objection so as to be received no later than the Contract Objection Deadline on the Notice Parties, then such non-Debtor party (i) will be forever barred and estopped from objecting to the Cure Amount and the Debtor and the Successful Bidder or Backup Bidder, as applicable, shall be entitled to rely solely upon the Cure Amount, and (ii) if the Assumed Contract is identified as an Asset to be acquired by the Successful Bidder or Backup Bidder, as applicable, will be deemed to have consented to the assumption and assignment of such Assumed Contract and will be forever barred and estopped from asserting or claiming against the Debtor, the Successful Bidder or the Backup Bidder, as applicable, or any other assignee of the relevant Assumed Contract that any additional amounts are due or defaults exist, or conditions to assumption and assignment must be satisfied, under such Assumed Contract.  Notwithstanding the foregoing, as provided below, each non-Debtor party to such Assumed Contract shall retain the right to object, at the Sale Hearing, to the assumption and assignment of its Assumed Contract based solely on the issue of whether the Successful Bidder or Backup Bidder, as applicable, can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

21.     If a Contract Objection challenges a Cure Amount (or asserts any other objection to assumption and assignment of an Assumed Contract), the Contract Objection must set forth the Cure Amount being claimed by the objecting party with appropriate documentation in support thereof and specify (with appropriate supporting documentation) the factual and legal basis for any other objection.  Upon receipt of a timely filed Contract Objection, the Debtor, with the consent of the Successful Bidder or Backup Bidder, as applicable, is authorized, but not directed, to resolve any Contract Objection by mutual agreement with the objecting counterparty to any Assumed Contract without further order of the Court.  In the event that the Debtor and any objecting party are unable to resolve consensually any timely filed Contract Objection, the Court

will resolve any such Contract Objection at the Sale Hearing or at such other hearing as set by this Court.

22.     Notwithstanding anything to the contrary contained in this Bid Procedures Order, the Debtor, and the Successful Bidder or Backup Bidder, as applicable, may determine to add or exclude any Assumed Contract from the list of Assets to be acquired no later than two (2) days prior to the Sale Hearing.  The non-Debtor party to any contract that is removed from the list of Assumed Contracts will be notified of such exclusion by written notice mailed within two (2) business days of such determination.

23.     Within one (1) business day after the conclusion of the Auction for the Assets, the Debtor will file a statement with the identity of the Successful Bidder and Backup Bidder for the Assets, and the total price received for the Assets and serve such statement on the United States Trustee in satisfaction of Bankruptcy Rule 6004(f)(1).

24.     Within one (1) business day after the conclusion of the Auction for the Assets, the Debtor will serve a notice identifying the Successful Bidder and Backup Bidder to the non-Debtor parties to the Assumed Contracts that have been identified in such Successful Bid and Backup Bid.  The non-Debtor parties to such Assumed Contracts will have until the Post-Auction Objection Deadline to object to the assumption and assignment of such Assumed Contract solely on the issue of whether the Successful Bidder or Backup Bidder, as applicable, can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.

**E.     The Sale Hearing and Objections to Sale**

25.     The Sale Hearing shall be held before this Court on **July 26, 2022 at __:__ __.m. (ET)** or as soon thereafter as counsel and interested parties may be heard.  The Debtor will seek entry of an order of the Court at the Sale Hearing approving and authorizing the Sale of the

Assets to the Successful Bidder.  Upon entry of this Order, the Debtor is authorized to perform any obligation intended to be performed prior to the Sale Hearing or entry of the Sale Order with respect thereto.  The Sale Hearing may be adjourned from time to time without further notice other than such announcement being made in open court or a notice of adjournment filed on the Court's docket.

26.     Objections, if any, to the Sale of the Assets to any Successful Bidder and/or the relief requested in the Debtor's motion to approve the Sale, other than the relief approved in this Order, must be in writing and filed with the Court **on or before July 22, 2022 at 4:00 p.m. (ET)** and be served such that they are actually received by the following parties (collectively, the "**Notice Parties**"): (i) Debtor's counsel, Greenberg Traurig, LLP (a) The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801, Attn:  Dennis A. Meloro, Esq. (Melorod@gtlaw.com), (b) 3333 Piedmont Road NE, Suite 2500 Atlanta, Georgia 30305, Attn: John D. Elrod, Esq. (Elrodj@gtlaw.com), and (c) 333 S.E. Second Ave, Suite 4400 Miami, Florida 33131, Attn: Ari Newman, Esq. (Newmanar@gtlaw.com); (ii) the Office of the United States Trustee (Region 3), J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Joseph Cudia, Esq. (joseph.cudia@usdoj.gov); *provided* that, if the Successful Bidder that prevails at the Auction is not the Stalking Horse Bidder, the deadline to object solely to (i) the identity of a Successful Bidder or (ii) the ability of the Successful Bidder to provide adequate assurance of future performance under the Assumed Contract shall be the Post-Auction Objection Deadline.

27.     A party's failure to timely file a Sale Objection in accordance with this Order shall forever bar the assertion, at the applicable Sale Hearing or otherwise, of any objection to the relief requested in the Motion, or to the consummation of the Sale and the performance of the related transactions, including the transfer of the Assets to the applicable Successful Bidder(s),

free and clear of all liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, and shall be deemed to be a "consent" for purposes of section 363(f) of the Bankruptcy Code.

**F.    Liquidation Sales Conducted by the Sale Agent**

28.    The Debtor is authorized to sell the Liquidation Assets in accordance with the terms of the Liquidation Agreement and such Liquidation Sales shall be free and clear of all Interests, with any such liens, claims encumbrances and other interests to attach to the Liquidation Sale proceeds with the same validity (or invalidity) and priority as existed prior to the Sales.

29.    The Debtor is authorized to proceed with the Liquidation Agreement and to pay the Compensation to the Sale Agent described in the Motion, and reimburse the Sale Expenses described in the Motion, without further order of the Court, as an expense of administration pursuant to sections 507(a) and 503(b) of the Bankruptcy Code, upon the submission of an auctioneer's report in accordance with Bankruptcy Rule 6004(f)(1).

30.    Each and every term and provision of this Order shall be binding in all respects upon the successful bidders at the Liquidation Sales, the Debtor, the Debtor's bankruptcy estate, its creditors, and all individuals or entities holding an interest in the Debtor, including, without limitation, any entity purporting to hold an interest in any of the Liquidation Assets.

31.    The Liquidation Agreement may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement is immaterial, and the Debtor is authorized to execute any additional documents reasonably necessary to consummate the transactions set forth in the Liquidation Agreement.

### G.    Other Relief Granted

32.    Except as otherwise provided in this Bid Procedures Order, the Debtor, in its business judgment, further reserves the right as it may reasonably determine to be in the best interests of its estate, subject to conformity with the Bid Procedures, to: (a) determine which Potential Bidders are Qualified Bidders; (b) determine which Written Offers are Qualified Bids; (c) determine which Qualified Bid(s) is the highest or otherwise best proposal, the Successful Bid, and which is the next highest or otherwise best proposal, the Backup Bid; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bid Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtor and its estate; (e) waive terms and conditions set forth herein with respect to all Qualified Bidders; (f) impose additional terms and conditions with respect to all Qualified Bidders; (g) extend the deadlines set forth herein; (h) adjourn or cancel the Auction and/or Sale Hearing, provided that the Debtor shall use reasonable efforts to provide notice of adjournment or cancellation to all Qualified Bidders at least 24 hours prior to the commencement of the Auction; and (i) modify the Bid Procedures or withdraw the request to sell some or all of the Assets to the Successful Bidder or Backup Bidder, as applicable, at any time with or without prejudice.

33.    Nothing in this Order or the Motion shall be deemed to or constitute the assumption or assignment of an executory contract or unexpired lease.

34.    The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and this Bid Procedures Order shall be effective immediately upon its entry.

35.    All time periods set forth in this Bid Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

36.     The Debtor is hereby authorized to conduct the Sale and Liquidation Sales without the necessity of complying with any state or local bulk transfer laws or requirements.

37.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

38.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Bid Procedures Order.

**<u>Exhibit 1</u>**

**Bid Procedures**

## BID PROCEDURES

These bid procedures (the "**Bid Procedures**") set forth the process by which Zosano Pharma Corporation, as debtor and debtor-in-possession (the "**Debtor**"), in the chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Delaware (the "**Court**"), Case No. 22-10506 (JKS), shall market to interested parties and conduct a sale (the "**Sale**") by auction (the "**Auction**") of all or a portion of its assets (the "**Assets**"). The Sale will be subject to bidding as set forth herein and subject to the approval of the Court, pursuant to sections 105, 363, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "**Bankruptcy Code**").

On June 9, 2022, the Debtor filed the *Motion of the Debtor for Entry of Orders (I)(A) Approving Bid Procedures Relating to the Sale of Assets of the Debtor, (B) Establishing Procedures for the Debtor to Enter into a Stalking Horse Agreement with Bid Protections, (C) Approving Alternate Liquidation Sales Conducted by a Sale Agent, (D) Establishing Procedures in Connection with the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (E) Approving Notice Procedures, and (F) Granting Related Relief* (the "**Bid Procedures Motion**")*; and (II)(A) Authorizing the Sale of Assets of the Debtor Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Final Purchase Agreement; (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (D) Granting Related Relief* [Docket No. ●●] (the "**Sale Motion**;" collectively with the Bid Procedures Motion, the "**Motion**"), to be heard by the Bankruptcy Court (i) on June 29, 2022 with respect to the Bid Procedures, and (ii) on July ●●, 2022 (or at such other time as the Court may determine) with regard to all other matters related to the Motion (the "**Sale Hearing**").

On ●● ●●, 2022, the Court entered the *Order (A) Approving Bid Procedures Relating to the Sale of Assets of the Debtor, (B) Establishing Procedures for the Debtor to Enter into a Stalking Horse Agreement with Bid Protections, (C) Approving Alternate Liquidation Sales Conducted by a Sale Agent, (D) Establishing Procedures in Connection with the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (E) Approving Notice Procedures, and (F) Granting Related Relief* [Docket No. ●●] (the "**Bid Procedures Order**"), thereby approving these Bid Procedures. The Debtor reserves the right to modify the Bid Procedures provided that any such modification shall not be inconsistent with the Bid Procedures Order.

Capitalized terms used in these Bid Procedures and not otherwise defined shall have the meanings ascribed to such terms in the Motion.

Any party desiring to obtain a form of Non-Disclosure Agreement (as defined below) or other information regarding the sale process may do so by contacting the Debtor's financial advisor, SierraConstellation Partners LLC ("**SCP**"), Attn: Bill Partridge (bpartridge@scpllc.com) and John Halloran (jhalloran@scpllc.com).

The Debtor provides these Bid Procedures for use by Potential Bidders (defined below) and Qualified Bidders (defined below) in submitting bids proposing a transaction to purchase or

otherwise acquire all or certain of the Assets, and, as necessary, qualifying for and participating in the Auction.

1.    <u>Important Dates</u>

- **Bid Deadline:** July 18, 2022 at 4:00 p.m. (prevailing Eastern Time);

- **Selection of Qualified Bidder(s):** July 19, 2022 at 12:00 p.m. (prevailing Eastern Time);

- **Auction:** July 20, 2022 at 10:00 a.m. (prevailing Eastern Time) at the offices of Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801, or such other place as determined by the Debtor, including by Zoom, and continue thereafter until completed;

- **Selection of Successful Bidder(s) and Backup Bidder(s) (each as defined below):** at the conclusion of the Auction;

- **Sale Hearing to seek authorization to sell the Assets to such Successful Bidder(s):** July 26, 2022 at ●● (prevailing Eastern Time); and

- **Closing Date:** As soon as practicable after entry of Sale Order, but no later than July 31, 2022.

2.    <u>Assets to be Sold</u>

The Debtor seeks to sell any and all of its Assets. The Assets may be sold as a whole or in discrete lots. Potential Bidders are invited to bid on any or all of the Assets.

3.    <u>Qualified Bidders, Non-Disclosure Agreements and Access to Data Room</u>

Any person or entity wishing to bid on the Assets (each a "**Potential Bidder**") must execute and deliver (unless previously delivered) to the Debtor a confidentiality and non-disclosure agreement (a "**Non-Disclosure Agreement**") in form and substance acceptable to the Debtor.

The Debtor, in its discretion, will afford a Potential Bidder who executes and delivers a Non-Disclosure Agreement due diligence access or such additional information as may be reasonably requested by the Potential Bidder that the Debtor, in its business judgment, determines to be reasonable and appropriate, including, without limitation, access to the Debtor's confidential electronic data room, reasonable access, during normal business hours, to the Debtor's management, and access to all relevant information regarding the Assets reasonably necessary to enable a Potential Bidder to evaluate the proposed Sale; provided that any such Potential Bidder has evidenced the financial wherewithal and ability to consummate the Sale. The Debtor and SCP will coordinate all due diligence access and requests for additional information from such Potential Bidders. The Debtor shall not be obligated to furnish any due diligence information after the conclusion of the Auction other than to the Successful Bidder (defined below) or any Backup Bidder. Neither the Debtor nor its advisors are responsible for,

or will bear liability with respect to, any information obtained by Potential Bidders in connection with due diligence.  Notwithstanding anything contained herein to the contrary, to the extent the Debtor believes that providing access to Potential Bidders to certain sensitive commercial information is not advisable, the Debtor, in its business judgment, will decide what, if any, diligence information to make available to a particular Potential Bidder, and neither the Debtor nor its representatives will be obligated to furnish any information of any kind whatsoever to any party.

4.    A "**Qualified Bidder**" is any Potential Bidder that (i) delivers to the Debtor a Non-Disclosure Agreement, (ii) demonstrates to the Debtor a reasonable certainty of the ability to close the Sale in a timely manner (including the financial capability to close the Sale and the ability to obtain the necessary governmental, licensing, regulatory, or other approvals necessary for such Sale, if any), and (iii) submits a Written Offer (as defined below) that is deemed a Qualified Bid as set forth below, *provided*, *however*, that the Debtor may waive one or more requirements for a Qualified Bidder and retains sole discretion in determining whether a Potential Bidder submits a Qualified Bid and becomes a Qualified Bidder.  As promptly as practicable after a Potential Bidder delivers a Non-Disclosure Agreement and submits a Written Offer, and in any event not later than 12:00 p.m. (ET) one (1) day preceding the Auction, the Debtor shall determine, and the Debtor shall notify the Potential Bidder in writing, whether the Potential Bidder is a Qualified Bidder.  Each Potential Bidder shall comply with all reasonable requests for information and due diligence access by the Debtor or its advisors regarding the ability of such Potential Bidder, as applicable, to consummate the proposed Sale.  Any Stalking Horse Bidder that has entered into a Stalking Horse Agreement with the Debtor shall be deemed a Qualified Bidder.

5.    <u>Requirements for a Qualified Bid</u>

In order to become a Qualified Bidder and participate in the Auction, if any, a Potential Bidder must deliver to the Debtor, with a copy to counsel to the Debtor and SCP, a written offer (each, a "**Written Offer**"), which is deemed to be a Qualified Bid.  To be deemed a "**Qualified Bid**", a Written Offer must meet each of the requirements listed below:

    (i)    <u>Delivery</u>:  Be delivered no later than **4:00 p.m. (ET) on July 18, 2022** (the "**Bid Deadline**").

    (ii)    <u>Proposed Assets and Valuation</u>:  Clearly identify and list the Assets (such as inventory) and liabilities that the Potential Bidder seeks to acquire, whether individually or in combination.  The Written Offer must identify the valuation, in U.S. dollars, that the Potential Bidder associates with such Assets and liabilities, and a description of any significant assumptions on which such valuations are based (including a separate identification of the cash and non-cash components of the valuation).  Written Offers for a portion of the Assets will be evaluated by the Debtor.

    (iii)    <u>Executed Agreement</u>:  Be accompanied by an executed and binding asset purchase agreement (together with the exhibits and schedules thereto),

which agreement must be marked to show any proposed amendments and modifications to the proposed purchase agreement to be provided by the Debtor (the "**Purchase Agreement**") or the Stalking Horse Agreement, if any; *provided, however*, that all Written Offers must be contingency-free.

(iv)     <u>Designation of Assumed Contracts and Adequate Assurance of Future Performance</u>:  Contain a list of any and all Assumed Contracts that are to be assumed and assigned in connection with a Sale to the extent such list is not included in the Purchase Agreement.  The Potential Bidder must also include documentation sufficient to provide adequate assurance of future performance for the benefit of the non-Debtor parties to the Assumed Contracts on the list, including, without limitation, (a) the specific name of the entity to whom the Assumed Contract will be assigned; (b) if available, audited financial statements and annual reports of the Purchaser and any other assignee for the past three (3) years, including all supplements or amendments thereto; (c) cash flow projections for the proposed assignee, the proposed assignee's most recent business plan, all cash flow projections for the Assumed Contract(s) subject to the assignment request, and any financial projections, calculations and/or pro formas prepared in contemplation of purchasing the assets, including the Assumed Contracts; (d) all documents and other evidence of the proposed assignee's experience in the Debtor's industry; and (e) a contact person for the proposed assignee whom non-Debtor parties may contact directly in connection with adequate assurance of future performance.  Should the Potential Bidder be a newly formed entity (a "**Newco**"), written evidence of adequate assurance of future performance should also include when such Newco was formed, how it will be financed together with evidence of firm financial commitments, and identify what credit enhancements will be available to guarantee the obligations under the Leases.  Non-Debtor parties to the Assumed Contracts will have until the commencement of the Sale Hearing to object on adequate assurance grounds.  The Debtor's ability to assume and assign certain executory contracts of the Debtor may be subject to third party consent.

(v)      <u>Proof of Financial Ability to Perform</u>:  Contain evidence of financing, access to funds or such other financial and other information that will reasonably allow the Debtor to make a determination as to such Qualified Bidder's financial and other capabilities to consummate the transactions contemplated by the Purchase Agreement, which evidence is satisfactory to the Debtor, including, without limitation, such financial and other information setting forth adequate assurance under section 365 of the Bankruptcy Code in a form requested by the Debtor.

(vi)     <u>Identification of Parties to Participate</u>:  To the Debtor's satisfaction, (a) fully disclose the identity of each entity or person that will be bidding

4

for the Assets or otherwise participating in connection with such bid, (b) the terms of any such participation, and if an entity has been formed for the purpose of acquiring some, or all, of the Assets, the parties that will bear liability for any breach by such entity, and (c) the ability of such parties to obtain government, licensing or regulatory approval in connection with the consummation of any Sale.

(vii)   <u>Binding and Irrevocable</u>:  State that it is binding and irrevocable until (a) the closing of the Sale, if such Potential Bidder is deemed a Qualified Bidder, and such Qualified Bidder is designated as a Successful Bidder (as defined below), or (b) if such Potential Bidder is deemed a Qualified Bidder, and such Qualified Bidder is designated as a Backup Bidder (as defined below), until the earlier of (i) two (2) business days after the closing of the transaction(s) by which all of the Assets that were subject to such Backup Bid (as defined below) have been transferred to one or more Qualified Bidders pursuant to these Bid Procedures and (ii) thirty (30) days after the date of the Auction (the "**Backup Bid Expiration Date**").

(viii)  <u>No Break-Up Fee or Expense Reimbursement</u>:  Not request or entitle the Potential Bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment.

(ix)    <u>Contingencies</u>:  Not contain any due diligence or financing contingencies.

(x)     <u>Authorization to Consummate Sale</u>:  Provide evidence of authorization and approval from the Potential Bidder's board of directors (or comparable governing body), if any, with respect to the submission, execution, delivery and closing of the Purchase Agreement to the Debtor's satisfaction.

(xi)    <u>Purchase Price</u>:  A statement confirming that the Written Offer is based on an all-cash offer (payable in U.S. dollars) or such other consideration acceptable to the Debtor, and in an amount not less than the Stalking Horse Bid plus the Bid Protections plus the Minimum Overbid Amount (as defined herein).

(xii)   <u>Good Faith Deposit</u>:  Provide a good faith deposit (the "**Good Faith Deposit**") submitted via federal wire transfer in immediately available funds in accordance with the wire instructions to be provided by the Debtor, or such other form as is acceptable to the Debtor, in an amount equal to 10% of the cash purchase price set forth in the Written Offer or such amount as may be determined by the Debtor in its sole discretion.

(xiii)  <u>Anticipated Timeline</u>:   Set forth the anticipated timeframe for (a) obtaining any required government, regulatory or other approvals, and

(b) consummating the Sale within the requirements of subparagraph (xv) below.

(xiv) <u>Agreement with Bid Procedures, Provision of Additional Information and Submission to Bankruptcy Court Jurisdiction</u>:   Include a written acknowledgement by such Potential Bidder that it (a) agrees to the terms of the Bid Procedures; (b) agrees to provide such other information as may be reasonably requested in writing by the Debtor prior to the Auction; and (c) confirms that the Potential Bidder submits to the jurisdiction of the Court.

(xv) <u>Closing Date</u>:   Provide for a closing date (the "**Closing Date**") on or before July 31, 2022.

Between the Bid Deadline and the Auction, the Debtor may (i) negotiate or seek clarification of any Written Offer from a Qualified Bidder, (ii) request information from the Qualified Bidder, (iii) engage in discussions with the Qualified Bidder, or (iv) take such other actions contemplated under these Bid Procedures.   Without the consent of the Debtor, a Qualified Bidder may not amend, modify, or withdraw its Written Offer.   The form of Purchase Agreement will be evaluated by the Debtor and must be acceptable to the Debtor, in its business judgment and sole discretion.   Any Good Faith Deposit accompanying a Written Offer that the Debtor determines not to be a Qualified Bid shall be returned promptly following such determination.

6.     <u>Designation of Stalking Horse and Bid Protections</u>

The Debtor, as it may reasonably determine to be in the best interests of its estate, may select a Stalking Horse Bidder for certain or all of the Assets for the purposes of establishing one or more minimum acceptable bids with which to begin the Auction with respect to certain or all of the Assets (a "**Stalking Horse Bid**") and provide any such Stalking Horse Bidder with Bid Protections (described below) pursuant to an agreement with such Stalking Horse Bidder (the "**Stalking Horse Agreement**"); provided that no insider or affiliate of the Debtors shall be entitled to any Bid Protections.

In the event the Debtor designates a Stalking Horse Bidder and the Stalking Horse Bidder is not the Successful Bidder with respect to the Stalking Horse Bid, the Debtor shall be authorized, but not directed, to make certain payments in consideration of its being the Stalking Horse Bidder with respect to the Stalking Horse Bid, including (a) a break-up fee (the "**Break-Up Fee**") and (b) reimbursement of reasonable, documented and necessary out-of-pocket expenses incurred in connection with such Stalking Horse Bid (the "**Expense Reimbursement Amount**," and together with the Break-Up Fee, the "**Bid Protections**").   The amount of the Bid Protections shall not exceed 3% of the cash portion of the purchase price for such Stalking Horse Bid, with such amount to be paid in accordance with the terms and conditions set forth in the applicable Stalking Horse Agreement, as approved by the Court.

7.    Bid Deadline

All Written Offers must be received by each of the following parties prior to the Bid Deadline: (i) the Debtor, Zosano Pharma Corporation, 34790 Ardentech Court, Fremont, California 94555, Attn: Steven Lo, Chief Executive Officer; (ii) proposed counsel to the Debtor, Greenberg Traurig, LLP, Attn: John D. Elrod, Esq. (Elrodj@gtlaw.com), Dennis A. Meloro, Esq. (Melorod@gtlaw.com), and Ari Newman (Newmanar@gtlaw.com); and (iii) proposed financial advisor to the Debtor, SierraConstellation Partners LLC, Attn: Bill Partridge (bpartridge@scpllc.com) and John Halloran (jhalloran@scpllc.com).

8.    Determination of Qualified Bidders

The Debtor shall, by no later than 12:00 p.m. (ET) one (1) day prior to the Auction, (i) determine, in its business judgment and sole discretion, whether a Potential Bidder is a Qualified Bidder, and (ii) notify each such Potential Bidder that its Written Offer is a Qualified Bid and that such Potential Bidder is a Qualified Bidder.

9.    No Break-Up Fee or Bid Protections

Other than in connection with a Stalking Horse Agreement, no Purchase Agreement may include any break-up fee or expense reimbursement or other similar bid protections.

10.    "As Is, Where Is"

Except as otherwise provided in the Final Purchase Agreement (as defined below), the Sale of the Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Debtor or its estate except to the extent set forth in the Final Purchase Agreement as approved by the Court.  Except as otherwise provided in the Final Purchase Agreement, all of the Debtor's right, title, and interest in and to the Assets subject thereto shall be sold free and clear of all liens, claims, interests, and encumbrances (collectively, the "**Interests**") in accordance with sections 363 and 365 of the Bankruptcy Code, with such Interests to attach to the net proceeds of the Sale of the Assets.

Each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to conduct any and all desired due diligence regarding the Assets prior to making its Qualified Bid, that it has relied solely upon its own independent review, investigation, and inspection of any documents and/or the Assets in making its Qualified Bid, and that it did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Assets, or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Bid Procedures or, as to the Successful Bidder(s) and the Backup Bidder(s), the terms of the Sale(s) as set forth in the final form of the applicable Purchase Agreement(s) (the "**Final Purchase Agreement**"), which shall be on terms mutually acceptable to the Successful Bidder and Backup Bidder, on the one hand, and the Debtor, on the other hand.

11.    <u>Auction</u>

If the Debtor determines that there are two or more Qualified Bidders, the Debtor shall conduct an Auction to determine the highest and otherwise best Qualified Bid. This determination shall take into account any factors the Debtor, in its business judgment and sole discretion reasonably deems relevant and may include, among other things, the following: (i) the amount and nature of the consideration; (ii) the other terms requested by each Qualified Bidder in its respective Purchase Agreement; (iii) the extent to which such terms are likely to delay closing of the Sale of the Assets and the cost to the Debtor of such modifications or delay; (iv) the total consideration to be received by the Debtor; (v) whether the Qualified Bidder has secured any consents that may be necessary from certain third parties; and (vi) the likelihood of the Qualified Bidder's ability to close the Sale and the timing thereof.

The Auction shall commence at 10:00 a.m. (ET) on July 20, 2022, at the offices of Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801, or such other place as determined by the Debtor, including by Zoom, and continue thereafter until completed. The Debtor reserves the right to cancel or postpone the Auction. The Debtor reserves the right to not proceed with any Sale or to proceed with a Sale of any certain of the Assets.

Except as otherwise permitted in the Debtor's discretion, only the Debtor, a Qualified Bidder, including a Stalking Horse Bidder, any statutory committee appointed in this case, and any creditor that submits a written request to attend to the Debtor at least 24 hours in advance of the Auction**,** and, in each case, their respective professionals shall be entitled to attend the Auction (the "**Authorized Persons**"), whether in person or via Zoom or similar video conferencing platform. Each Qualified Bidder shall be required to have at least one representative present physically at the Auction.

The Auction shall be governed by the following procedures:

(i)    Qualified Bidders shall appear in person at the Auction, or through a duly authorized representative.

(ii)   The Debtor may waive and/or employ and announce at the Auction additional rules that are reasonable under the circumstances for conducting the Auction provided that such rules are (a) not inconsistent with the Bid Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, or any order of the Court entered in connection with this Case, (b) disclosed to each Qualified Bidder, and (c) designed, in the Debtor's business judgment, to result in the highest and otherwise best offer for the Assets.

(iii)  The Debtor will arrange for the actual bidding at the Auction to be transcribed. Each Qualified Bidder shall designate a single individual to be its spokesperson during the Auction.

(iv)    Each Qualified Bidder participating in the Auction must confirm on the record, at the commencement of the Auction and again at the conclusion of the Auction, that it has not engaged in any collusion with the Debtor or any other Qualified Bidder regarding these Bid Procedures, the Auction, or any proposed transaction relating to the Assets.

(v)    Prior to the Auction, the Debtor shall identify the highest and best of the Qualified Bids received.  Subsequent bidding will continue in minimum increments valued at not less than $25,000 in cash (the "**Minimum Overbid Amount**") or in such amounts as to be determined by the Debtor prior to, and announced at, the Auction.

(vi)    In the Debtor's discretion, all Qualified Bidders shall have the ability to bid on substantially all of the Assets or only certain Assets of the Debtor.

(vii)    Other than the assumption of liabilities of the Debtor or permitted non-cash consideration as may be acceptable to the Debtor in its business judgment and sole discretion, all bids must be in cash.

(viii)    All Qualified Bidders shall have the right to, at any time, request that the Debtor announce, subject to any potential new bids, the then-current highest and best bid and, to the extent requested by any Qualified Bidder, use reasonable efforts to clarify any and all questions such Qualified Bidder may have regarding the Debtor's announcement of the then-current highest and best bid.

(ix)    In the Debtor's discretion, all Qualified Bidders shall have the right to submit additional bids and make additional modifications to the Purchase Agreement, as applicable, at the Auction in accordance with the terms and provisions of these Bid Procedures; *provided*, *however*, that any such modifications to the Purchase Agreement, on an aggregate basis and viewed in whole, shall not be less favorable to the Debtor as determined by the Debtor, in its business judgment and sole discretion.

(x)    Upon conclusion of the bidding, the Auction shall be closed, and the Debtor shall, as soon as practicable, (i) identify and determine in its business judgment the highest and best Qualified Bid (or Qualified Bids) for the Assets (a "**Successful Bid**" and the entity or entities submitting such Successful Bid, the "**Successful Bidder**"), (ii) advise the Qualified Bidders of such determination, (iii) require the Successful Bidder (or Successful Bidders) to deliver an executed Final Purchase Agreement, which reflects its bid and any other modifications submitted and agreed to during the Auction, prior to commencement of the Sale Hearing, and (iv) immediately file with the Court a designation of Successful Bidder.

(xi)    In addition, the Debtor will determine which Qualified Bid, if any, is the next highest and best Qualified Bid to the Successful Bid and will

9

designate such Qualified Bid as a "**Backup Bid**" in the event the Successful Bidder fails to consummate the contemplated Sale. A Qualified Bidder who submitted a Qualified Bid and is designated a Backup Bid is a "**Backup Bidder**". Each Backup Bid shall remain open and binding until the Backup Bid Expiration Date.

12. <u>Sole Qualified Bidder</u>

If, by the Bid Deadline, the Debtor has selected only one Qualified Bidder for any or all of the Assets then the Debtor shall not hold an Auction and instead, shall determine whether to request at the Sale Hearing that the Court approve the Qualified Bid from the sole Qualified Bidder. Notwithstanding anything herein to the contrary, nothing herein shall obligate the Debtor to consummate or pursue the Sale of the Assets.

13. <u>Sale Hearing</u>

Subject to the Court's availability, the Sale Hearing will be held before the Honorable J. Kate Stickles on July 26, 2022, at such time designated by the Court at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, DE 19801, 3rd Floor, Courtroom 7. At the Sale Hearing, the Debtor shall present the results of the Auction, if one is held, to the Court and may seek approval of the Successful Bid and any Backup Bid.

Following the Sale Hearing and entry of a Sale Order approving the Sale of the Assets to a Successful Bidder, if such Successful Bidder fails to consummate the Sale for any reason, the Backup Bidder shall be designated the Successful Bidder and the Debtor shall be authorized to close such Sale with the Backup Bidder without further order of the Court. The Successful Bidder and Backup Bidder (if any) should be represented by counsel at the Sale Hearing.

14. <u>Consummation of the Purchase</u>

(a) Closing Date; Good Faith Deposit

The Successful Bidder shall consummate the Sale contemplated by the Successful Bid (the "**Purchase**") on or before the Closing Date. If the Successful Bidder successfully consummates the Purchase by the Closing Date, such Successful Bidder's Good Faith Deposit shall be applied to the purchase price of the Purchase.

If the Successful Bidder either: fails to consummate the Purchase on or before the Closing Date, breaches the Final Purchase Agreement, or otherwise fails to perform, the Debtor shall, without further order of the Court, deem such Successful Bidder to be a "Defaulting Buyer".

The Debtor shall be entitled to (i) retain the Good Faith Deposit as part of its damages resulting from the breach or failure to perform by a Defaulting Buyer, and (ii) seek all available damages from such Defaulting Buyer occurring as a result of such Defaulting Buyer's failure to perform as may be provided for pursuant to the Final Purchase Agreement and the Sale Order.

(b)    Backup Purchaser

Upon a determination by the Debtor that the Successful Bidder is a Defaulting Buyer, the Debtor shall consummate a Sale with the Backup Bidder on the terms and conditions of the Backup Bid (the "**Backup Purchase**") without further order of the Court.

If the Backup Bidder consummates the Backup Purchase, the Good Faith Deposit of such Backup Bidder will be applied to the purchase price of the Backup Purchase.  In the event that the Debtor seeks to consummate the Backup Purchase with the Backup Bidder and such Backup Bidder fails to consummate the Backup Purchase, breaches the Final Purchase Agreement or otherwise fails to perform, the Debtor may, in its sole discretion, and without further order of the Court, deem such Backup Bidder to be a "Defaulting Buyer" and shall be entitled to (i) retain the Good Faith Deposit as part of its damages resulting from the breach or failure to perform by the Defaulting Buyer, and (ii) seek all available damages from such Defaulting Buyer occurring as a result of such Defaulting Buyer's failure to perform as may be provided for pursuant to the Purchase Agreement, as applicable, and the Sale Order.

15.    Return of Good Faith Deposits

Good Faith Deposits of all Qualified Bidders shall be held in a non-interest-bearing escrow account.  Except for those of the Successful Bidder and Backup Bidder(s), the Debtor shall promptly return the Good Faith Deposits of (i) all Qualified Bidders after the Auction; and (ii) the Backup Bidder after the Backup Bid Expiration Date.

16.    Reservation of Rights

The Debtor shall retain all rights to any of its Assets that are not subject to the Sale that is approved by the Court at the Sale Hearing.

17.    Modifications

The Bid Procedures may be modified by the Debtor, in any manner that is not inconsistent with or otherwise in contravention of the other terms of these Bid Procedures, including, without limitation, (a) waiving the terms and conditions set forth herein with respect to any or all Potential Bidders, (b) imposing additional terms and conditions with respect to any or all Potential Bidders, (c) extending the deadlines set forth herein or the date for the Auction and/or Sale Hearing (which may occur in open court); or (d) amending the Bid Procedures as it may determine to be in the best interests of its estate; *provided that* all such modifications are disclosed to all Potential Bidders (if applicable) or Qualified Bidders (if applicable) prior to or during the Auction.

## Exhibit A

**Good Faith Deposit Wire Instructions**

To be provided upon written request to the Debtor's financial advisor, SierraConstellation Partners LLC, Attn: Bill Partridge (bpartridge@scpllc.com) and John Halloran (jhalloran@scpllc.com).

*ACTIVE 65390711v2*

**<u>Exhibit 2</u>**

**Notice of Bid Procedures, Auction Date and Sale Hearing**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Zosano Pharma Corporation,[1] | Case No. 22-10506 (JKS) |
| Debtor. | |

**NOTICE OF BID PROCEDURES, AUCTION DATE, AND SALE HEARING**

**PLEASE TAKE NOTICE THAT:**

1.      On June 9, 2022, the above-captioned debtor and debtor-in-possession (the "**Debtor**") filed the *Motion of the Debtor for Entry of Orders (I)(A) Approving Bid Procedures Relating to the Sale of Assets of the Debtor, (B) Establishing Procedures for the Debtor to Enter into a Stalking Horse Agreement with Bid Protections, (C) Approving Alternate Liquidation Sales Conducted by a Sale Agent, (D) Establishing Procedures in Connection with the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, (E) Approving Notice Procedures, and (F)  Granting Related Relief* (the "**Bid Procedures Motion**")*; and (II)(A) Authorizing the Sale of Assets of the Debtor Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (B) Approving the Final Purchase Agreement; (C) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (D) Granting Related Relief* [Docket No. ●●] (the "**Sale Motion**" and, collectively with the Bid Procedures Motion, the "**Motion**")[2] with the United States Bankruptcy Court for the District of Delaware (the "**Court**").

2.      At a hearing on June ●, 2022, the Court approved the Bid Procedures Motion [Docket No. ●] (the "**Bid Procedures Order**").

3.      The Debtor is seeking competitive bids in connection with a sale (the "**Sale**") of any portion, or all, of the assets of the Debtor (the "**Assets**").

4.      As set forth in the Motion and the Bid Procedures, the Debtor reserves the right to designate a Stalking Horse Bidder for the sale of certain or all of the Assets, subject to higher and better offers.

5.      All interested parties are invited to submit a Written Offer to purchase some or all of the Assets in accordance with the terms and conditions of the Bid Procedures Order and the

---

[1]   The business address and the last four (4) digits of the Debtor's federal tax identification number is Zosano Pharma Corporation, 34790 Ardentech Court, Fremont, California 94555 (8360).

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Bid Procedures attached thereto.  The deadline to submit a Written Offer (the "**Bid Deadline**") is **July 18, 2022 at 4:00 p.m. (prevailing Eastern Time)**.

6.      Prior to the Bid Deadline, a Potential Bidder that desires to purchase any or all of the Assets shall deliver its Written Offer in accordance with the Bid Procedures.

7.      Pursuant to the Bid Procedures Order, in the event that the Debtor receives two or more Qualified Bids by the Bid Deadline, the Debtor shall conduct an Auction to determine the highest and otherwise best bid with respect to the Assets.  Any creditor that submits a written request to attend the Auction to counsel for the Debtor no later than 24 hours prior to the Auction shall be entitled to attend the Auction; a request must include the creditor's email address.  The Auction shall commence at **10:00 a.m. (prevailing Eastern Time) on July 20, 2022** at the offices of Greenberg Traurig, LLP, The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, Delaware 19801, or such other place as determined by the Debtor, including by Zoom, and continue thereafter until completed.  The Debtor reserves the right to not proceed with any Sale, to proceed with a Sale of only certain of the Assets or to proceed with only Liquidation Sales.

8.      In the event an Auction is conducted for the Assets, following the conclusion of the Auction and **not later than July 21, 2022 at 12:00 p.m. (prevailing Eastern Time)**, subject to the filing of a notice by the Debtor indicating that the Auction has not concluded by such time, the Debtor will file a notice with the Court that provides the identities of the Successful Bidder and the Backup Bidder, as well as the Successful Bid and the Backup Bid.  In addition to serving such notice on the United States Trustee, the Debtor will serve such notice by fax, electronic mail, or overnight delivery (with overnight delivery to be used solely in the event neither fax nor electronic mail information is available) on (i) the non-Debtor parties to the Assumed Contracts that have been identified in such Successful Bid and Backup Bid and (ii) those creditors who provide a written request for such notice along with their fax numbers, email addresses, or mailing addresses to counsel for the Debtor.

9.      Objections, if any, to the Sale of the Assets to any Successful Bidder and/or the other relief requested in the Motion, other than the relief approved in the Bid Procedures Order, must be in filed with the Court and served, so as to be actually received on or before **July 22, 2022 at 4:00 p.m. (prevailing Eastern Time)** by (i) counsel to the Debtor, Greenberg Traurig, LLP, (a) 3333 Piedmont Road NE, Suite 2500, Atlanta, Georgia 30305, Attn: John D. Elrod, Esq. (Elrodj@gtlaw.com), and (b) 333 S.E. Second Ave, Suite 4400, Miami, Florida 33131, Attn: Ari Newman, Esq. (Newmanar@gtlaw.com); and (ii) the Office of the United States Trustee (Region 3), J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Joseph F. Cudia, Esq. (joseph.cudia@usdoj.gov).

10.     The Sale Hearing shall be conducted by the Court **on July 26, 2022, at ●● (prevailing Eastern Time)**, or on such other date as the Court may direct.  Requests for a copy of any information concerning the Motion or the Sale of the Assets should be directed, by written request, to the Debtor's financial advisor at the contact information listed in the attached Bid Procedures.

11.     Copies of the Motion, the Bid Procedures, the Bid Procedures Order, and other case documents can be obtained free of charge (i) on the case website maintained by the Debtor's claims and noticing agent, Kurtzman Carson Consultants LLC, at http://www.kccllc.net/ZosanoPharma, or (ii) upon written request to counsel to the Debtor, Greenberg Traurig, LLP, (a) 3333 Piedmont Road NE, Suite 2500, Atlanta, Georgia 30305, Attn: John D. Elrod, Esq. (Elrodj@gtlaw.com), and (b) 333 S.E. Second Ave, Suite 4400, Miami, Florida 33131, Attn: Ari Newman, Esq. (Newmanar@gtlaw.com).

Dated: June ____, 2022                                   GREENBERG TRAURIG, LLP

_____
Dennis A. Meloro (DE Bar No. 4435)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile:  (302) 661-7360
Email: melorod@gtlaw.com

-and-

John D. Elrod (admitted *pro hac vice*)
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile:  (678) 553-2212
Email: elrodj@gtlaw.com

-and-

Ari Newman (admitted *pro hac vice*)
333 S.E. Second Ave, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile:  (305) 579-0717
Email: newmanar@gtlaw.com

*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*

## **Exhibit 3**

**Notice of Assumption and Assignment**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|   |   |
|---|---|
| In re: | Chapter 11 |
| Zosano Pharma Corporation,[1] | Case No. 22-10506 (JKS) |
| Debtor. | |

**NOTICE OF PROPOSED ASSUMPTION AND**
**ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

**PLEASE TAKE NOTICE THAT:**

1.      On June 30, 2022, the United States Bankruptcy Court for the District of Delaware (the "**Court**") approved the entry of an order [Docket No. ●●] (the "**Bid Procedures Order**") on the motion (the "**Motion**")[2] of the above-captioned debtor and debtor-in-possession (the "**Debtor**") (i) approving the bid procedures (as modified or amended, the "**Bid Procedures**") to be implemented in connection with a sale (the "**Sale**") of some or all of the assets of the Debtor (the "**Assets**"); (ii) establishing procedures for the Debtor to into a Stalking Horse Agreement with Bid Protections; (iii) approving an alternate liquidation sale process to be conducted by a liquidator sale agent (the "**Liquidation Sale Process**"); (iv) establishing procedures in connection with the Debtor's potential assumption and/or assignment to the Successful Bidder or Backup Bidder (each as defined in the Bid Procedures Order) of certain executory contracts and unexpired leases (each a "**Contract**" and, collectively, the "**Contracts**" and, once assumed and assigned, each an "**Assumed Contract**") and the corresponding cure amounts (the "**Cure Amounts**") to be paid in connection with the assumption and/or assignment; (v) approving the notice procedures (the "**Notice Procedures**") to advise parties in interest and Potential Bidders (as defined in the Bid Procedures) of the Bid Procedures, the auction of the Assets (the "**Auction**"), the sale hearing for the Assets (the "**Sale Hearing**"), and the Debtor's intent to assume and/or assign to the Successful Bidder or Backup Bidder the Assumed Contracts and the corresponding Cure Amounts; and (vi) granting related relief.

2.      Copies of the Motion, the Bid Procedures, the Bid Procedures Order and other Case documents can be obtained free of charge (i) on the case website maintained by the Debtor's claims and noticing agent, Kurtzman Carson Consultants LLC, at http://www.kccllc.net/ZosanoPharma, or (ii) upon written request to counsel to the Debtor, Greenberg Traurig, LLP, (a) 3333 Piedmont Road NE, Suite 2500, Atlanta, Georgia 30305, Attn: John D. Elrod, Esq. (Elrodj@gtlaw.com), and (b) 333 S.E. Second Ave, Suite 4400, Miami, Florida 33131, Attn: Ari Newman, Esq. (Newmanar@gtlaw.com).

---

[1]   The business address and the last four (4) digits of the Debtor's federal tax identification number is Zosano Pharma Corporation, 34790 Ardentech Court, Fremont, California 94555 (8360).

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.      Pursuant to the Bid Procedures Order, the Debtor has indicated each Contract on **Exhibit A** annexed hereto which may become an Assumed Contract.  In addition, for each Contract, the Debtor has estimated the Cure Amounts owed under such Contract including the actual pecuniary loss to the non-Debtor party resulting from any defaults under such Contract including, but not limited to, all claims, demands, and rights to refunds due to overpayments that the non-Debtor parties can assert under the Contracts whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate, relating to money now owing or owing in the future, arising under or out of, in connection with, or in any way relating to the Assumed Contracts calculated as of June 1, 2022.  The Cure Amount for an Assumed Contract represents the amount the Debtor believes must be paid, pursuant to section 365 of the Bankruptcy Code, to compensate the respective non-Debtor party in connection with the potential assumption and/or assignment of such Assumed Contract.

4.      Objections to the Cure Amounts or the proposed assumption and assignment of an Assumed Contract, whether or not such party previously has filed a proof of claim with respect to amounts due under the applicable Contract, and/or objections to the potential assumption of such Contract, must be filed with the Court and served, together with all documentation supporting such cure claim or objection, so as to be actually received on or before **July 15, 2022 at 4:00 p.m. (prevailing Eastern Time)** by (i) counsel to the Debtor, Greenberg Traurig, LLP, (a) 3333 Piedmont Road NE, Suite 2500, Atlanta, Georgia 30305, Attn: John D. Elrod, Esq. (Elrodj@gtlaw.com), and (b) 333 S.E. Second Ave, Suite 4400, Miami, Florida 33131, Attn: Ari Newman, Esq. (Newmanar@gtlaw.com); and (ii) the Office of the United States Trustee (Region 3), J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Joseph F. Cudia, Esq. (joseph.cudia@usdoj.gov).  In the event no objection is timely filed with respect to a Contract, the non-Debtor counterparty to such Contract shall be deemed to have consented to the Cure Amount proposed by the Debtor. Notwithstanding the foregoing, if the Successful Bidder is not also a Stalking Horse Bidder, each non-Debtor party to such Assumed Contract shall retain the right to object, until the Post-Auction Objection Deadline, solely to (i) the identity of a Successful Bidder or (ii) the ability of the Successful Bidder to provide adequate assurance of future performance under the Assumed Contract.

5.      In the event an Auction is conducted for the Assets, following the conclusion of the Auction and **not later than July 20, 2022 at 12:00 p.m. (prevailing Eastern Time)**, subject to the filing of a notice by the Debtor indicating that the Auction has not concluded by such time, the Debtor will file a notice with the Court that provides the identities of the Successful Bidder and the Backup Bidder as well as the Successful Bid and the Backup Bid.  The Debtor will serve such notice by fax, electronic mail, or overnight delivery (with overnight delivery to be used solely in the event neither fax nor electronic mail information is available) on the non-Debtor parties to the Assumed Contracts that have been identified in such Successful Bid and Backup Bid.  If a non-Debtor party to an Assumed Contract wishes to receive such notice by fax or electronic mail, such non-Debtor party must provide its fax number or email address, as applicable, to counsel for the Debtor in writing no less than one (1) business day prior to the commencement of the Auction.

6.     The Debtor and the Successful Bidder or Backup Bidder, as applicable, reserve the right to designate which, if any, executory contracts or unexpired leases will be assumed and assigned.  Inclusion of a contract or lease on **Exhibit A** hereto does not indicate that the Successful Bidder or Backup Bidder, as applicable, will determine to have the Debtor assume and seek assignment of such contract or lease.  The Debtor may seek to have any Contract that is not designated to become an Assumed Contract, by the Debtor and the Successful Bidder or Backup Bidder, as applicable, be rejected at the Sale Hearing.

7.     The inclusion of a contract or lease on **Exhibit A** hereto shall not constitute or be deemed a determination or an admission by the Debtor that such document is in fact, an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

8.     A hearing to consider approval of the Sale and to determine the Cure Amounts and assumption or assignment issues for any non-Debtor parties to Assumed Contracts that filed objections and that have been designated to be assumed and assigned will be held on **July ●●, 2022 at ●● (prevailing Eastern Time)** before the Honorable J. Kate Stickles at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Courtroom No. 7, Wilmington, Delaware 19801.

9.     Pursuant to the Motion, the Debtor is requesting an order from the Court (the "**Sale Order**"), which will provide, among other things, that the Debtor's assumption and assignment of the Assumed Contracts to the Successful Bidder or Backup Bidder, as applicable, under the provisions of the Sale Order and any additional orders of the Court, and payment of any Cure Amount is authorized, so that no default shall exist under any Assumed Contract, and no counterparty to any Assumed Contract shall be permitted (a) to declare a default by the Successful Bidder or Backup Bidder, as applicable, under such Assumed Contract or (b) otherwise take action against the Successful Bidder or Backup Bidder, as applicable, as a result of the Debtor's financial condition, bankruptcy, or failure to perform any of its obligations under the relevant Assumed Contract.  If the Court enters the Sale Order, each non-Debtor party to an Assumed Contract hereby will be forever barred, estopped, and permanently enjoined from (i) asserting against the Debtor or the Successful Bidder or Backup Bidder, as applicable, or the property of any of them, any default or claim arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the Closing or, against the Successful Bidder or Backup Bidder, as applicable, any counterclaim, defense, setoff, recoupment, claim of refund, or any other Claim asserted or assertable against the Debtor; (ii) imposing or charging against the Successful Bidder or Backup Bidder, as applicable, any rent accelerations, assignment fees, increases, or any other fees as a result of the Debtor's assumption and assignment to the Successful Bidder or Backup Bidder, as applicable, of any Assumed Contract; or (iii) contesting the Cure Amount.

*[Signature on Next Page]*

Dated: _____, 2022                  GREENBERG TRAURIG, LLP

                                      _____
                                      Dennis A. Meloro (DE Bar No. 4435)
                                      The Nemours Building
                                      1007 North Orange Street, Suite 1200
                                      Wilmington, Delaware 19801
                                      Telephone: (302) 661-7000
                                      Facsimile:  (302) 661-7360
                                      Email: melorod@gtlaw.com

                                      -and-

                                      John D. Elrod (admitted *pro hac vice*)
                                      Terminus 200
                                      3333 Piedmont Road NE, Suite 2500
                                      Atlanta, Georgia 30305
                                      Telephone: (678) 553-2100
                                      Facsimile:  (678) 553-2212
                                      Email: elrodj@gtlaw.com

                                      -and-

                                      Ari Newman (admitted *pro hac vice*)
                                      333 S.E. Second Ave, Suite 4400
                                      Miami, Florida 33131
                                      Telephone: (305) 579-0500
                                      Facsimile:  (305) 579-0717
                                      Email: newmanar@gtlaw.com


                                      *Proposed Counsel for the Debtor*
                                      *and Debtor-in-Possession*

## **Exhibit A**

**Executory Contracts and Unexpired Leases Subject to Assumption and Assignment**