**Exhibit B**

**Proposed Sale Order**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zosano Pharma Corporation,[1] | Case No. 22-10506 (JKS) |
| Debtor. | |

## ORDER (I) AUTHORIZING THE SALE OF ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (II) APPROVING THE FINAL ASSET PURCHASE AGREEMENT; (III) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (IV) GRANTING RELATED RELIEF

Upon the Motion (the "**Motion**")[2] of the Debtor requesting entry of (a) an order (i) authorizing the sale of assets of the Debtor (the "**Assets**") outside the ordinary course of business (the "**Sale**") to [_____] (the "**Purchaser**") free and clear of liens, claims, encumbrances, and interests, with such liens, claims, encumbrances, and interests to attach to the proceeds of the Sale; (ii) approving the Final Purchase Agreement attached hereto as **Exhibit A** between the Debtor and the Purchaser; (iii) authorizing the assumption and assignment of the Assumed Contracts listed on **Exhibit B** hereto to the Purchaser; and (iv) granting related relief; and the Court having entered an order approving the bid procedures (the "**Bid Procedures**") and granting related relief on [_____], 2022 [Docket No. ____] (the "**Bid Procedures Order**"); [an Auction having been conducted pursuant to the terms of the Bid Procedures Order on [_____],

---

[1]  The business address and the last four (4) digits of the Debtor's federal tax identification number is Zosano Pharma Corporation, 34790 Ardentech Court, Fremont, California 94555 (8360).

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or in the Final Purchase Agreement, as applicable.

2022; and the Debtor having identified the Successful Bidder and the Backup Bidder at the conclusion of the Auction]; and the Court having conducted a hearing on the Motion on [ _____ ], 2022 (the "**Sale Hearing**"), at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and adequate and sufficient notice of the Motion, the Sale Hearing, and the Sale and all transactions contemplated thereunder and in this Sale Order having been provided to all persons required to be served in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and jurisdiction existing for the Court to consider the Motion; and upon the statements in support of the Motion presented at the hearing before the Court; and after due deliberation thereon it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and it further appearing that the legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein; and the Court having (a) reviewed and considered the Motion, all relief related thereto, the objections thereto and statements of counsel and the evidence presented in support of the relief requested by the Debtor in the Motion at the Sale Hearing and (b) found that the Purchaser has submitted the highest or otherwise best bid for the Assets; and good and sufficient cause appearing therefor;

**THE COURT MAKES THE FOLLOWING FINDINGS**[3]:

A.     <u>Jurisdiction</u>. The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[3]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Bankruptcy Rule 7052.

Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).

B.      Venue.  Venue of this Case and the Motion in this district is proper under 28

U.S.C. §§ 1408 and 1409.

C.      Statutory Predicates.  The statutory and legal predicates for the relief requested

in the Motion are sections 105, 363, and 365 of title 11 of the United States Code, 11 U.S.C.

§§101, *et seq.* (the "**Bankruptcy Code**"), Rules 2002, 6004, 6006, 9006, and 9014 of the Federal

Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 6004-1 of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "**Local Rules**").

D.      Final Order.   This Sale Order constitutes a final order within the meaning of 28

U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent

necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure,

as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just

reason for delay in the implementation of this Sale Order, and expressly directs entry of

judgment as set forth herein.

E.      Notice.  In accordance with the Bid Procedures Order, and as evidenced by the

certificate of service previously filed with this Court, the Debtor served the Notice of Bid

Procedures, Auction Date and Sale Hearing (as defined in the Bid Procedures Order), together

with a copy of the Bid Procedures Order, the Bid Procedures and the Notice of Assumption and

Assignment on the following parties (the "**Notice Parties**"):  (i) the Office of the United States

Trustee; (ii) all taxing authorities in the states where the Debtor is located, as well as the

Internal Revenue Service, and all other federal, state and local taxing and regulatory authorities

known to the Debtor to assert jurisdiction over the Debtor or which are reasonably expected by

the Debtor to have claims, contingent or otherwise, in connection with the ownership of the Assets, or to have any known interest in the relief requested by the Motion; (iii) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002; (iv) all persons known or reasonably believed by the Debtor to have asserted any lien, claim, encumbrance, right of first refusal, or other interest in or upon any of the Assets; (v) all persons known or reasonably believed to have expressed an interest in acquiring the Assets within the last four (4) months; (vi) creditors holding the thirty (20) largest unsecured claims against the Debtor; (vii) the Securities & Exchange Commission; (viii) the U.S. Food & Drug Administration; (ix) the Delaware Secretary of State; (x) the Delaware State Treasury; (xi) the United States Attorney's office for the District of Delaware; (xii) Attorneys General in the states where the Debtor is located; and (xiii) any applicable state and local environmental agencies.

F.     Publication Notice.  The Debtor caused notice of the Auction, the Sale, and the Sale Hearing to be published in [_____], as provided by the Bid Procedures Order.

G.     Notice Sufficient.  Based upon the certificate of service and the evidence presented at the Sale Hearing, adequate and sufficient notice of the Motion, the Bid Procedures Order, the Bid Procedures, the Sale Hearing, the Sale, and the transactions contemplated thereby, including without limitation, the assumption and assignment of the Assumed Contracts to the Purchaser, has been provided in accordance with the Bid Procedures Order, sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, and 9006.  A reasonable opportunity to object or be heard regarding the relief granted by this Sale Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 6004(a).

The Debtor has also provided notice of the potential assumption and assignment of the Assumed Contracts to the applicable non-Debtor counterparties. Such notice also identified all defaults and actual pecuniary loss to the non-Debtor counterparties resulting from such defaults including, but not limited to, all claims, demands, charges, rights to refunds and monetary and non-monetary obligations that the non-Debtor counterparties can assert under the Assumed Contracts whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate, relating to money now owing or owing in the future, arising under or out of, in connection with, or in any way relating to the Assumed Contracts (the foregoing amounts, collectively referred to as the "**Cure Amounts**"). The service and provision of the notice was good, sufficient, and appropriate under the circumstances and no further notice need be given in respect of assumption and assignment of the Assumed Contracts or the proposed Cure Amount for the respective Assumed Contract. Non-Debtor counterparties to the Assumed Contracts have had an adequate opportunity to object to assumption and assignment of the applicable Assumed Contract and the Cure Amount (including objections related to the adequate assurance of future performance and objections based on whether applicable law excuses the non-Debtor counterparty from accepting performance by, or rendering performance to, the Purchaser, for purposes of section 365(c)(1) of the Bankruptcy Code). The deadline to file an objection has expired and to the extent any such party timely filed an objection, all such objections have been resolved, withdrawn, overruled, or continued to a later hearing by agreement of the parties. To the extent that any such party did not timely file an objection, such party shall be deemed to have consented to (i) the assumption and assignment of the Assumed Contract and (ii) the corresponding proposed Cure Amount, if any.

H.      Corporate Authority.  (i) The Debtor has the corporate power and authority to execute the Final Purchase Agreement and all other documents contemplated thereby and the Sale of the Assets has been duly and validly authorized, (ii) the Debtor has all of the corporate power and authority necessary to consummate the transactions contemplated by the Final Purchase Agreement, (iii) the Debtor has taken all corporate action necessary to authorize and approve the Final Purchase Agreement and the consummation of the transactions contemplated thereby, and (iv) no consents or approvals, other than those expressly provided for in the Final Purchase Agreement, are required for the Debtor to consummate such transactions.

I.      Assets Property of the Estate.  The Debtor is the lawful owner of the Assets. Subject to sections 363(f) and 365(a) of the Bankruptcy Code, the transfer of each of the Assets to the Purchaser in accordance with the Final Purchase Agreement will be, as of the Closing Date, a legal, valid, and effective transfer of the Assets, which transfer vests or will vest the Purchaser with all right, title, and interest of the Debtor to the Assets free and clear of all liens, claims, encumbrances, and interests, except for the Assumed Liabilities, with such liens, claims, encumbrances, and interests to attach to the proceeds of the Sale.

J.      Sufficiency of Marketing.  The Debtor and its professionals marketed the Assets and conducted the marketing and sale process as set forth in and in accordance with the Motion and the Bid Procedures.  Based upon the record of these proceedings, all creditors and other parties in interest and all prospective purchasers have been afforded a reasonable and fair opportunity to bid for the Assets.

K.      Bid Procedures.  The Bid Procedures were substantively and procedurally fair to all parties and all potential bidders and afforded notice and a full, fair, and reasonable

opportunity for any person to make a higher or otherwise better offer to purchase the Assets. The Debtor conducted the Sale process without collusion and in accordance with the Bid Procedures.

L.    <u>Final Purchase Agreement</u>.   On July [____], 2022, the Debtor entered into the Final Purchase Agreement with the Purchaser for the acquisition of the Assets.

M.    <u>Sale in Best Interests of the Debtor's Estate.</u>   Good and sufficient reasons for approval of the Sale, the Final Purchase Agreement, and the transactions to be consummated in connection therewith have been articulated, and the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties in interest.   The Debtor has demonstrated both (a) good, sufficient and sound business purposes and justifications and (b) compelling circumstances for the Sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code, outside of a plan of reorganization, in that, among other things, the immediate consummation of the Sale to the Successful Bidder or Backup Bidder, as applicable, is necessary and appropriate to maximize the value of the Debtor's estate and the Sale will provide the means for the Debtor to maximize creditor recoveries.

N.    <u>Arm's-Length and Purchaser's Good Faith</u>.   The Final Purchase Agreement was negotiated, proposed, and entered into by the Debtor and the Purchaser without collusion, in good faith and from arm's-length bargaining positions and is substantively and procedurally fair to all parties.   The Purchaser is not an "insider" of any of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.   Neither any of the Debtor, nor the Purchaser has engaged in any conduct that would cause or permit the Final Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code.   Specifically, the Purchaser has not

acted in a collusive manner with any person and the purchase price was not controlled by any agreement among bidders.  The Purchaser is purchasing the Assets, in accordance with the Final Purchase Agreement, in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and is therefore entitled to all of the protections afforded by such provision, and otherwise has proceeded in good faith in all respects in connection with the Case.  As demonstrated by (i) any testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, substantial marketing efforts and a competitive sale process were conducted in accordance with the Bid Procedures Order and, among other things:  (a) the Debtor and the Purchaser complied with the provisions in the Bid Procedures Order; (b) the Purchaser in no way induced or caused the chapter 11 filing by the Debtor; and (c) all payments to be made by the Purchaser in connection with the Sale have been disclosed.

O.    Highest or Otherwise Best Offer.    The Debtor conducted the Auction in accordance with, and have otherwise complied in all material respects with, the Bid Procedures Order.  The Auction established in the Bid Procedures Order afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Assets.  The Auction was duly noticed and conducted in a non-collusive, fair, and good faith manner and a reasonable opportunity was given to any interested party to make a higher or otherwise better offer for the Assets.  The Final Purchase Agreement constitutes the highest or otherwise best offer for the Assets and will provide a greater  recovery for the Debtor's estate than would be provided by any other available alternative.  The Debtor's determination that the Final Purchase Agreement constitutes the highest or  otherwise best offer for the Assets is a

valid and sound exercise of its fiduciary duty and constitutes a valid and sound exercise of the Debtor's business judgment.

P.    <u>No Fraudulent Transfer</u>.  The consideration provided by the Purchaser pursuant to the Final Purchase Agreement (a) is fair and reasonable, (b) is the highest or otherwise best offer for the Assets, and (c) constitutes reasonably equivalent value and fair consideration (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and section 548 of the Bankruptcy Code) under the laws of the United States, any state, territory, possession, or the District of Columbia.  No other person or entity or group of entities has offered to purchase the Assets for greater economic value to the Debtor's estate than the Purchaser.    Approval of the Motion, the Final Purchase Agreement and the consummation of the transactions contemplated thereby is in the best interests of the Debtor, its estate, its creditors, and other parties in interest.

Q.    <u>No Successor</u>.    The transactions contemplated under the Final Purchase Agreement do not amount to a consolidation, merger, or de facto merger of the Purchaser and the Debtor and/or the Debtor's estate; there is not substantial continuity between the Purchaser and the Debtor; there is no continuity of enterprise between the Debtor and the Purchaser; the Purchaser is not a mere continuation of the Debtor or its estate; and the Purchaser is not a successor or assignee of the Debtor or its estate for any purpose, including but not limited to under any federal, state or local statute or common law.  Except for the [Assumed Liabilities], the (i) transfer of the Assets to the Purchaser and (ii) assumption and assignment to the Purchaser of the Assumed Contracts, do not and will not subject the Purchaser to any liability whatsoever with respect to the operation of the Debtor's business before the Closing Date or by reason of such transfer under the laws of the United States, any state,

territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of equitable law, including, without limitation, any theory of antitrust or successor or transferee liability.

R. <u>Sale Authorized by Bankruptcy Code</u>. The consummation of the Sale and the assumption and assignment of the Assumed Contracts are legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), and 365 of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the transaction.

S. <u>Transfer of Assets Free and Clear</u>. The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full. The Debtor may, therefore, sell the Assets free and clear of any liens, claims, encumbrances, and interests in the property, other than the [Assumed Liabilities], with such liens, claims, encumbrances, and interests attaching to the proceeds of the Sale.

T. <u>Free and Clear Findings Required by the Purchaser</u>. The Purchaser would not have entered into the Final Purchase Agreement and would not consummate the transactions contemplated thereby if the Sale to the Purchaser and the assumption of any Assumed Liabilities by Purchaser were not free and clear of all liens, claims, encumbrances, and interests other than the Assumed Liabilities. The Debtor may sell the Assets free and clear of any liens, claims, encumbrances, and interests of any kind or nature whatsoever because in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Each entity with a lien, claim, encumbrance, interest, or other interest in the Assets to be transferred on the Closing Date: (i) has, subject to the terms and

conditions of this Sale Order, consented to the Sale or is deemed to have consented to the Sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.   Those holders of a lien, claim, encumbrance, or interest who did not object to the Motion are deemed, subject to the terms of this Sale Order, to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.   All holders of liens, claims, encumbrances, or interests are adequately protected by having their liens, claims, encumbrances, or interests attach to the cash proceeds received by the Debtor that are ultimately attributable to the property against or in which such liens, claims, encumbrances, or interests are asserted, subject to the terms of such liens, claims, encumbrances, or interests with the same validity, force and effect, and in the same order of priority, which such liens, claims, encumbrances, or interests now have against the Assets or their proceeds, if any, subject to any rights, claims and defenses the Debtor or its estate, as applicable, may possess with respect thereto.

U.    Cure/Adequate Assurance.  The assumption and assignment of the Assumed Contracts pursuant to the terms of this Sale Order is integral to the Final Purchase Agreement, is in the best interests of the Debtor and its estate, creditors, and all other parties in interest, and represents the Debtor's reasonable exercise of sound and prudent business judgment.   Payment of the Cure Amounts shall (i) to the extent necessary, cure or provide adequate assurance of cure, within the meaning of sections 365(b)(1)(A) and 365(f)(2)(A) of the Bankruptcy Code, and (ii) to the extent necessary, provide compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof with respect to the Assumed Contracts, within the meaning of sections 365(b)(1)(B) and 365(f)(2)(A) of the Bankruptcy Code.   Based

upon the evidence presented at the Sale Hearing, the Purchaser's financial wherewithal to consummate the transactions contemplated by the Final Purchase Agreement demonstrate the Purchaser's ability to perform the obligations under the Assumed Contracts after the Closing Date and establish adequate assurance of future performance within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable) and 365(f)(2)(B) of the Bankruptcy Code.

V.      Assumed Contracts. Any objections to the assumption and assignment of any of the Assumed Contracts by the Purchaser, in accordance with the Final Purchase Agreement are hereby overruled. To the extent that any counterparty failed to timely object to the proposed Cure Amounts, such counterparty is deemed to have consented to such Cure Amounts and the assumption and assignment of its respective Assumed Contract(s) to the Purchaser in accordance with the Final Purchase Agreement.

W.      Sale as Exercise of Business Judgment. Entry into and consummation of the Purchase Contract constitutes the exercise by the Debtor of sound business judgment, and such acts are in the best interests of the Debtor, its estate and creditors, and all parties in interest. The Court finds that the Debtor has articulated good and sufficient business reasons justifying the Sale of the Assets to the Purchaser.

X.      Compelling Reasons for an Immediate Sale. Good and sufficient reasons for approval of the Purchase Agreement have been articulated by the Debtor. The Debtor has demonstrated compelling circumstances for the Sale outside: (a) the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code; and (b) a plan of reorganization or liquidation (as the case may be), in that, among other things, the immediate consummation of the Sale to the Purchaser is necessary and appropriate to preserve and to maximize the value of

the Debtor's estate.   To maximize the value of the Assets and preserve the viability of the businesses to which the Assets relate, it is essential that the Sale occur promptly.

Y.      No *Sub Rosa* Plan.  The Purchase Agreement and the Sale do not constitute a *sub rosa* chapter 11 plan.  The Purchase Agreement neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates a liquidating plan of reorganization for the Debtor.

NOW, THEREFORE, IT IS ORDERED THAT:

1.      The  Motion  is  GRANTED  and  the  relief requested  therein  APPROVED, as set forth herein.

2.      Any objections to the entry of this Sale Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing (the  full  record  of  which  is  incorporated  herein  by  reference),  by stipulation filed with the Court, or by representation by the Debtor in a separate pleading, and all  reservations  of  rights  included  therein,  if  any,  hereby  are  denied  and  overruled  on  the merits with prejudice.

3.      Notice of the Motion, the Bid Procedures, the Bid Procedures Order, the Sale (and the Final Purchase Agreement contemplated in connection therewith), the assumption and assignment to the Purchaser of the Assumed Contracts, the Cure Costs, the Sale Hearing, and all deadlines related thereto was fair and equitable under the circumstances and complied in all respects with section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006.

4.      The Final Purchase Agreement, and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved in all respects.  Pursuant to sections 363(b) and 363(f) of the Bankruptcy Code,  the  Debtor  is  hereby  authorized  to  (a) execute

the Final Purchase Agreement, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the Final Purchase Agreement, provided that such additional documents do not materially change its terms adversely to the Debtor's estate; (b) consummate the Sale in accordance with the terms and conditions of the Final Purchase Agreement and the instruments to the Final Purchase Agreement contemplated thereby; and (c) execute and deliver, perform under, consummate, implement, and close fully the transactions contemplated by the Final Purchase Agreement, including the assumption and assignment to the Purchaser (in accordance with the Final Purchase Agreement) of the Assumed Contracts, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Final Purchase Agreement and the Sale.

5.    This Sale Order shall be binding in all respects upon the Debtor, its estate, all creditors of, and holders of equity interests in, the Debtor, any holders of liens, claims, encumbrances, or other interests in, against or on all or any portion of the Assets (whether known or unknown), the Purchaser, and all successors and assigns of the Purchaser and any trustees, if any, subsequently appointed in the Case or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtor's Case.    This Sale Order and the Final Purchase Agreement shall inure to the benefit of the Debtor, its estate and creditors, the Purchaser and the respective successors and assigns of each of the foregoing.

6.    Pursuant to sections 105(a), 363(b) and 363(f) of the Bankruptcy Code, the Debtor is authorized to transfer the Assets to the Purchaser in accordance with the Final Purchase Agreement and such transfer shall constitute a legal, valid, binding, and effective transfer of the Assets and shall vest the Purchaser with title in and to the Assets and, other

than the Assumed Liabilities, Purchaser shall take title to and possession of the Assets free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever, including but not limited to successor or successor-in-interest liability and Claims in respect of the Excluded Liabilities, with all such liens, claims, encumbrances, and interests to attach to the cash proceeds received by the Debtor that are ultimately attributable to the property against or in which such liens, claims, encumbrances, or interests are asserted, subject to the terms of such liens, claims, encumbrances or interests with the same validity, force and effect, and in the same order of priority, which such liens, claims, encumbrances, or interests now have against the Assets or their proceeds, if any, subject to any rights, claims, and defenses the Debtor or its estate, as applicable, may possess with respect thereto.

7.     On the Closing Date, all persons and entities that are in possession of some or all of the Assets are directed to surrender possession of such Assets to the Purchaser in accordance with the Final Purchase Agreement.  Additionally, on the Closing Date, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its liens, claims, encumbrances, or other interests in the Assets, if any, as such liens, claims, encumbrances, and interests may have been recorded or may otherwise exist.

8.     If any person or entity which has filed statements or other documents or agreements evidencing liens or encumbrances on, claims against, or interests in, all or any portion of the Assets (other than statements or documents with respect to the Assumed Liabilities) shall not have delivered to the Debtor prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of

documenting the release of all liens, encumbrances, claims, or other interests which the person or entity has or may assert with respect to all or any portion of the Assets, the Debtor is hereby authorized, and the Purchaser is hereby authorized, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Assets.

9.      On the Closing Date, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer to the Purchaser of the Debtor's interests in the Assets.  This Sale Order is and shall be effective as a determination that, on the Closing Date, all liens, claims, encumbrances, or other interests of any kind or nature whatsoever existing as to the Assets prior to the Closing Date, other than the Assumed Liabilities, shall have been unconditionally released, discharged and terminated, with all such liens, claims, encumbrances, and interests attaching to the proceeds received by the Debtor, in accordance with paragraph 6 above, and that the conveyances described herein have been effected.   A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any liens and other encumbrances of record except those assumed as Assumed Liabilities.

10.      Except for the Assumed Liabilities, the Purchaser shall not have any liability or other obligation of the Debtor arising under or related to any of the Assets including, but not limited to, any liability for any liens, claims, encumbrances, or interests whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor, including, but not limited to, liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with or in any way relating to the operation of the Debtor's business prior to the Closing Date.  The

Purchaser's acquisition of the Assets shall be free and clear of any "successor liability" claims of any nature whatsoever, whether known or unknown and whether asserted or unasserted as of the time of the Closing.  The Purchaser's operations shall not be deemed a continuation of the Debtor's business as a result of the acquisition of the Assets purchased.

11.    Except with respect to the Assumed Liabilities, or as otherwise expressly provided for in this Sale Order or the Final Purchase Agreement, all persons and entities, including, but not limited to, all debt holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants, and other creditors, holding liens, claims, encumbrances, or other interests of any kind or nature whatsoever against or in all or any portion of the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtor, the Assets, the operation of the business prior to the Closing Date, or the transfer of the Assets to the Purchaser in accordance with the Final Purchase Agreement, hereby are forever barred, estopped and permanently enjoined from asserting against the Purchaser, its successors or assigns, its property or the Assets, such persons' or entities' liens, claims, encumbrances or interests in and to the Assets, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against the Purchaser, its successors, assets, or properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Purchaser, its successors, or its assets or properties; (c) creating, perfecting, or enforcing any lien, claim, encumbrance, or interest against the Purchaser, its successors, its assets, or its properties; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any

obligation due the Purchaser or its successors; (e) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Sale Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (f) revoking, terminating or failing or refusing to transfer or renew any license, permit, or authorization to operate any of the Assets or conduct any business operated with the Assets.

12.     To the greatest extent available under applicable law, the Purchaser shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and governmental authorization or approval of the Debtor with respect to the Assets, and all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been transferred to the Purchaser as of the Closing Date.

13.     All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Assets to the Purchaser in accordance with the terms of the Final Purchase Agreement and this Sale Order.

14.     No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the transactions contemplated by the Final Purchase Agreement, the Motion, and this Sale Order.

15.     The consideration provided by the Purchaser for the Assets under the Final Purchase Agreement shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law, and the Sale may not be avoided, or costs or damages imposed or awarded under section 363(n) or any other provision of the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform

Fraudulent Conveyance Act or under any other law of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law.

16.     Notwithstanding the foregoing, nothing herein shall prevent (a) the Debtor from pursuing an action against the Purchaser arising under the Final Purchase Agreement or the related documents, or (b) any administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state, and local officials from properly exercising their police and regulatory powers.

17.     Notwithstanding any provision of any contract governing the Assets or any Assumed Contract to be assumed and assigned to the Purchaser as of the Closing Date, the Debtor is hereby authorized, in accordance with sections 105(a) and 365 of the Bankruptcy Code, to (a) assume and assign to the Purchaser in accordance with the Final Purchase Agreement, effective upon the Closing Date, the Assumed Contracts free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever (other than the Assumed Liabilities) and (b) execute and deliver to the Purchaser such documents or other instruments as the Purchaser deems may be necessary to assign and transfer the Assumed Contracts and the Assumed Liabilities to the Purchaser in accordance with the Final Purchase Agreement. Additionally, there shall be no accelerations, assignment fees, increases, or any other fees charged to the Purchaser or the Debtor as a result of the assumption and assignment of the Assets and the Assumed Contracts.

18.     With respect to the Assumed Contracts: (a) each Assumed Contract is an executory contract or unexpired lease under section 365 of the Bankruptcy Code; (b) the Debtor may assume each of the Assumed Contracts in accordance with section 365 of the Bankruptcy Code; (c) the Debtor may assign each Assumed Contract in accordance with

sections 363 and 365 of the Bankruptcy Code, and any provisions in any Assumed Contract that prohibit or condition the assignment of such Assumed Contract or allow the party to such Assumed Contract to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of such Assumed Contract, constitute unenforceable anti-assignment provisions which are void and of no force and effect; (d) all other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to the Purchaser of each Assumed Contract, in accordance with the Final Purchase Agreement have been satisfied; (e) the Assumed Contracts shall be transferred and assigned to, and following the Closing Date remain in full force and effect for the benefit of, the Purchaser in accordance with the Final Purchase Agreement, notwithstanding any provision in any such Assumed Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer) and, pursuant to section 365(k) of the Bankruptcy Code, the Debtor shall be relieved from any further liability with respect to the Assumed Contracts after such assignment to and assumption by the Purchaser in accordance with the Final Purchase Agreement; and (f) upon the Closing Date, in accordance with sections 363 and 365 of the Bankruptcy Code, Purchaser shall be fully and irrevocably vested in all right, title, and interest of each Assumed Contract.

19.    All defaults or other obligations of the Debtor under the Assumed Contracts arising or accruing prior to the Closing (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be cured on the Closing Date or as soon thereafter as practicable by payment of the Cure Amounts.  To the extent that any counterparty to an Assumed Contract did not object to its

Cure Amount by the objection deadline, such counterparty is deemed to have consented to such Cure Amount and the assumption and assignment of its respective Assumed Contract(s) to the Purchaser in accordance with the Final Purchase Agreement.

20.     Unless otherwise represented by the Debtor in a separate pleading, in open court at the Sale Hearing, or pursuant to a contract or lease amendment entered into by the Debtor, the Purchaser, and the appropriate contract or lessor counterparty (any such amendment being deemed approved by this Sale Order), the respective Cure Amounts reflect the sole amounts necessary under section 365(b) of the Bankruptcy Code to cure all monetary defaults under the Assumed Contracts, if any, and no other amounts are or shall be due in connection with the assumption by the Debtor and the assignment to the Purchaser of the Assumed Contracts in accordance with the Final Purchase Agreement.

21.     Upon the Debtor's assignment of the Assumed Contracts to the Purchaser under the provisions of this Sale Order and any additional orders of this Court and payment of any Cure Amounts pursuant to paragraph 19 hereof, no default shall exist under any Assumed Contract, and no counterparty to any Assumed Contract shall be permitted (a) to declare a default by the Purchaser under such Assumed Contract or (b) otherwise take action against the Purchaser as a result of the Debtor's financial condition, bankruptcy or failure to perform any of its obligations under the relevant Assumed Contract.   Each non-Debtor counterparty to an Assumed Contract, unless otherwise ordered by the Court, hereby is also forever barred, estopped, and permanently enjoined from (i) asserting against the Debtor or the Purchaser or the property of any of them, any default or claim arising out of any indemnity obligation or warranties for acts or occurrences arising prior to or existing as of the Closing, including those constituting Excluded Liabilities, or against the Purchaser, any

counterclaim, defense, setoff, recoupment, or any other Claim asserted or able to be asserted against the Debtor; and (ii) imposing or charging against the Purchaser any rent accelerations, assignment fees, increases, or any other fees as a result of the Debtor's assumption and assignment to the Purchaser of any Assumed Contract in accordance with the Final Purchase Agreement. The validity of such assumption and assignment of each Assumed Contract shall not be affected by any dispute between the Debtor and any non-Debtor counterparty to an Assumed Contract relating to such Contract's respective Cure Amounts.

22.     Except as provided in the Final Purchase Agreement or this Sale Order, after the Closing, the Debtor and its estate shall have no further liabilities or obligations with respect to any Assumed Liabilities and all holders of such liens, claims, encumbrances, and interests are forever barred and estopped from asserting such claims against the Debtor, its successors or assigns, its property or its assets or estate.

23.     The failure of the Debtor or the Purchaser to enforce at any time one or more terms or conditions of any Assumed Contract shall not be a waiver of such terms or conditions, or of the Debtor's and the Purchaser's rights to enforce every term and condition of the Assumed Contracts.

24.     The transactions contemplated by the Final Purchase Agreement are undertaken by the Purchaser without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale (including the assumption and assignment of the Assumed Contracts) with the Purchaser unless such authorization is duly stayed pending such appeal. The Purchaser is a good faith

purchaser of the Assets and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code.

25.     The failure to include any particular provisions of the Final Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Final Purchase Agreement be authorized and approved in its entirety; *provided*, *however*, that this Sale Order shall govern if there is any inconsistency between the Final Purchase Agreement (including all ancillary documents executed in connection therewith) and this Sale Order. Likewise, all of the provisions of this Sale Order are nonseverable and mutually dependent. To the extent that this Sale Order is inconsistent with any prior order or pleading with respect to the Motion in this Case, the terms of this Sale Order shall control.

26.     The Final Purchase Agreement and any related agreements, documents or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

27.     Any amounts payable by the Debtor under the agreements or any of the documents delivered by the Debtor in connection with the Final Purchase Agreement shall be paid in the manner provided in the Final Purchase Agreement and the Bid Procedures Order, without further order of this Court, shall be allowed administrative claims in an amount equal to such payments in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code, shall have the other protections provided in the Bid Procedures Order, and shall not be discharged, modified, or otherwise affected by any reorganization plan for the Debtor, except

by an express agreement with the Purchaser, its successors, or assigns.

28.     Nothing contained in any chapter 11 plan confirmed in the Debtor's Case or any order confirming any such plan or in any other order in this Case (including any order entered after any conversion of this Case to a case under chapter 7 of the Bankruptcy Code) or any related proceeding subsequent to entry of this Sale Order shall alter, conflict with, or derogate from, the provisions of the Final Purchase Agreement or this Sale Order unless otherwise agreed to by the Debtor and the Purchaser.

29.     Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), and pursuant to Bankruptcy Rules 7062 and 9014, this Sale Order shall not be stayed for fourteen days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof.   Time is of the essence in closing the transactions referenced herein, and the Debtor and the Purchaser intend to close the Sale as soon as practicable.   Any party objecting to this Sale Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

30.     All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

31.     From time to time, as and when requested by any party, each party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the transactions contemplated by the Final Purchase Agreement including such actions as may be necessary to vest, perfect, or confirm, of record or otherwise, in the Purchaser its right, title, and interest in and to the Assets.

32.     This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the Final Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith to which any Debtor is a party or which has been assigned by the Debtor to the Purchaser in accordance with the Final Purchase Agreement, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining jurisdiction to (a) interpret, implement, and enforce the provisions of this Sale Order and the Final Purchase Agreement; (b) protect the Purchaser against any liens, claims, encumbrances, or other interests in the Debtor or the Assets of any kind or nature whatsoever, arising or existing prior to the Closing Date and attaching to the proceeds of the Sale, and (c) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect to the Assumed Contracts.

## Exhibit A

**Final Purchase Agreement**

**<u>Exhibit B</u>**

**List of Assumed Contracts**